James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
Christina M. Lucio, Esq. SBN 253677
christina@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff, Manuel Vigueras,
on behalf of himself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**07/14/2017** at 11:12:14 AM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

Judge Glenda Sanders

| | |
|---|---|
| MANUEL VIGUERAS, on behalf of themselves individually and all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>RED ROBIN INTERNATIONAL, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS RED ROBIN BURGER SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No. 30-2017-00931770-CU-OE-CXC<br>Assigned For All Purposes to:<br>CX-101<br><br>**CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay All Wages Owed, Including Overtime<br>2) Failure to Provide Lawful Meal Periods<br>3) Failure to Authorize and Permit Lawful Rest Periods<br>4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions<br>5) Failure to Timely Pay Wages Due at Termination<br>6) Violations of the Unfair Competition Law<br><br>**JURY TRIAL DEMANDED** |

- 1 -

CLASS ACTION COMPLAINT

1

2

3   Plaintiff, MANUEL VIGUERAS, on behalf of himself individually and all others

4   similarly situated, complains of Defendants, and each of them, and for causes of action alleges:

5   **I.**

6   **INTRODUCTION**

7   1.   This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of

8   Plaintiff and all hourly non-exempt employees who are employed by, or were formerly employed

9   by, RED ROBIN INTERNATIONAL, INC., a Nevada corporation (hereinafter "RED ROBIN"

10  or "Defendant"), within the State of California at any time during the four years prior to the filing

11  of the original complaint in this action to the date of judgment.

12  2.   During the liability period, as defined as the applicable statute of limitations for each and

13  every cause of action contained herein, Defendant consistently maintained and enforced against

14  Red Robin Non-Exempt Employees unlawful practices and policies in violation of California

15  state wage and hour laws as detailed more extensively herein.

16  3.   From at least four (4) years prior to the filing of this complaint and continuing to the

17  present, Defendant has maintained a consistent policy of: (a) failing to provide lawful meal and

18  rest breaks, and failing to pay employees one (1) hour of pay at the employee's regular rate of

19  compensation for each workday that the break period is or was not lawfully provided, (b) failing

20  to reimburse employees for necessary expenditures; (c) failing to pay for all hours worked; (d)

21  failing to pay all wages owed at the time of termination; and (e) failing to provide accurate

22  itemized wage statements.

23  4.   Plaintiff, on behalf of himself and all putative Class Members, brings this action pursuant

24  to Labor Code sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 510, 512,

25  558, 1174, 1194, 1194.2, 1195, 1197, 1198, 2802, the applicable IWC California Wage Orders,

26  and California Code of Regulations, Title 8, section 11000 *et. seq*., seeking unpaid wages, unpaid

27  meal period and rest period compensation, unreimbursed expenses, penalties, and reasonable

28  attorneys' fees and costs.

CLASS ACTION COMPLAINT

5.   Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their unlawful conduct as specified herein.

**II.**

**PARTIES**

6.   Venue as to Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395.  Defendant, RED ROBIN, a Nevada corporation, has done and is doing business throughout the State of California, as it maintains restaurants throughout the state, including without limitation in the City of Irvine, County of Orange, at the Irvine Spectrum (734 Spectrum Dr., Irvine, California 92618) where Plaintiff worked. Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within Orange County.  Defendant employs or has employed numerous Class Members in Orange County.

**A.   Plaintiff and the Class**

7.   Plaintiff Manuel Vigueras is and was at all relevant times a resident of Orange County, California.  During the relevant times addressed herein, Plaintiff was employed by Defendant as a non-exempt employee in the City of Irvine, California.  Plaintiff began his employment with Defendants at the Irvine Spectrum location on or about February 2014.  At all relevant times, Plaintiff was employed by Defendants in various positions, including as a server and as a bartender.

8.   As Red Robin employees, Plaintiff and the Class he seeks to represent were regularly required to:

(a)  work without compensation of all wages owed, including without limitation for time spent maintaining uniforms;

(b)  work without being permitted or authorized the required, lawful, timely, paid rest periods;

(c)  work without being compensated one (1) hour of pay at the regular rate of

- 3 -

compensation for each workday that a lawful rest period was not provided; and

(d) work in excess of five (5) hours per day without being provided a lawful, timely meal period;

(e) work without being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was late, interrupted and/or not provided;

(f) incur necessary expenses for uniforms and their maintenance without reimbursement.

9.   Defendants willfully failed to pay all earned wages in a timely manner to its employees and members of the Plaintiff's Class, and it failed to reimburse said employees for necessary expenses.  Defendants also failed to timely pay to Plaintiff or members of the Class, upon or after termination of their employment with Defendant, all compensation due, including but not limited to, for minimum regular and overtime wages earned and for having failed to properly provide requisite break periods.

10. Defendants also failed to provide accurate itemized wage statements to Plaintiff and members of the Class.

**B.**   **Defendants**

11.  Defendant Red Robin is a Nevada corporation, which maintains a chain of casual dining restaurants throughout California and the United States.  It is headquartered in Colorado. As relevant to this Complaint, Red Robin owns and operates numerous restaurants located in California including in Orange County.

12. As pertinent hereto, Defendant employs and has employed numerous non-exempt restaurant employees, however titled, in its locations in California, including the restaurant at the Irvine Spectrum in Irvine, California.  Such non-exempt employees include, without limitation, servers, hosts, waiters, cooks, kitchen staff, bussers, and bartenders.

13. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believe, and based thereon alleges that each of the Defendants

CLASS ACTION COMPLAINT

designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

14. Plaintiff is informed and believe, and based thereon alleges, that Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## III.

## JURISDICTION

15. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

16. This Court has jurisdiction over this action pursuant to Code of Civil Procedure section 410.10 and Business and Professions Code sections 17203 and 17204.

17. This Court has jurisdiction over the Defendants because each Defendant is a person having sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction over the Defendant by the California courts consistent with traditional notions of fair play and substantial justice.

## IV.

## VENUE

18. Venue is proper in the Superior Court of Orange County pursuant to Code of Civil Procedure section 395.5 because one or more of the violations alleged in this Complaint arise in that county.

19. This Court has jurisdiction over this action pursuant to the California Constitution Article VI section10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

- 5 -

20. This class action is brought pursuant to California Code of Civil Procedure, section 382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

21. This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over them by the California Courts consistent with traditional notions of fair play and substantial justice.  Further, Defendants have done and are doing business in California and in Orange County by maintaining and operating a number of restaurants in the State and in the County. The unlawful acts alleged herein have a direct effect on Plaintiff and the other similarly situated employees within Orange County and throughout the State of California and Defendants have employed hundreds of Class Members as Red Robin Non-Exempt Employees in Orange County and throughout California.

22. The California Superior Court also has jurisdiction in this matter because the individual claims of the Class Members described herein are presently believed to be under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.  Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil Procedure, the California Civil Code, and the California Business and Professions Code.

23. Venue is proper in this Court because upon information and belief, one or more of the Defendants transact business, or have offices in this County and the acts or omissions alleged herein took place in this County and because Plaintiff is presently a resident of this County.

**V.**

**FACTUAL BACKGROUND**

24.  Defendants operate and, at all times during the liability period, have conducted business

- 6 -

CLASS ACTION COMPLAINT

in the city of Irvine located in Orange County, and have maintained hundreds of casual dining restaurants within California, throughout the nation and worldwide.  In California, Defendant has operated approximately 70 restaurants during the relevant time period.

25. At the Irvine Spectrum location, Defendants have employed numerous non-exempt restaurant employees, however titled, in its locations in California, including the restaurant at the Irvine Spectrum in Irvine, California ("Class Members" or "Red Robin Non-Exempt Employees").

26. Plaintiffs and Red Robin Non-Exempt Employees are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.  They are subject to the protections of IWC Wage Order No. 5-2001 and the Labor Code.

27. During the liability period, Plaintiff and Red Robin Non-Exempt Employees were employed by Defendants throughout California as and were paid hourly wages on a non-exempt basis.

28. Plaintiff and the Red Robin Non-Exempt Employees worked in various positions at the restaurant locations, including without limitation, as servers, hosts, waiters, cooks, kitchen staff, bussers, and bartenders.

29. Plaintiff and the Class Members were regularly required to work shifts in excess of five hours.

30. As a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Plaintiff and the Red Robin Non-Exempt Employees were frequently not provided with a timely, lawful, uninterrupted thirty (30) minute meal period when the employee's work shift exceeded five (5) hours and were not provided with a second timely, lawful thirty (30) minute meal period when the employee's work shift exceeded ten (10) hours.

31. In addition, Class Members were expected to sign waivers for meal breaks on shifts of 6 hours.  Supervisors encouraged and expected Class Members to sign such waivers, and pressured Class Members to sign the waivers even when the subject Class Members wanted to take a statutorily required meal period.

32. Plaintiff and Red Robin Non-Exempt Employees were also not compensated a one-hour wage in lieu thereof in violation of Labor Code §§ 226.7 and 512, and the applicable Industrial Welfare Commission Wage Orders.

33. In addition, during the relevant time frame, Defendants maintained and enforced a scheduling practice, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.

34. Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not compensate Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which rest periods were not authorized and permitted.

35. In addition, Plaintiff and the Class Members were required to incur expenses to purchase and maintain uniforms required for their work at Defendants' restaurants.

36. Defendants did not reimburse the expenses incurred by Plaintiff and, upon information and belief, those incurred by Class Members.

37. Defendants also did not pay Plaintiff and the Class Members to maintain and launder their uniforms.  As a consequence of Defendants failure to pay to maintain and launder such uniforms, Defendants did not fully compensate Plaintiff and Red Robin Non-Exempt Employees for hourly wages earned during the liability period.

38. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations.  Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Red Robin Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.  Plaintiff and the

1  Class Members are therefore entitled to penalties not to exceed $4,000 for each employee

2  pursuant to Labor Code section 226(e).

3     39. On information and belief, Defendants knew or should have known that it is improper to

4  commit the following unlawful acts:

5       (a)   requiring Red Robin Non-Exempt Employees to work in excess of five hours and

6  ten hours per day, respectively, without being provided a lawful, timely uninterrupted thirty (30)

7  minute meal period and/or a second lawful, timely uninterrupted thirty (30) minute meal period;

8       (b)   failing to compensate employees with one (1) hour of pay at the regular rate of

9  compensation for each workday that a lawful, timely first or second meal period was not

10  provided;

11       (c)   failing to authorize and permit employees to take a paid net ten-minute rest period

12  for every four hours worked or major fraction thereof on shifts exceeding 3.5 hours;

13       (d)   failing to compensate employees with one (1) hour of pay at the regular rate of

14  compensation for each workday that a lawful, timely rest period was not provided;

15       (e)   failing to pay employees for all hours worked, including without limitation for

16  time spent laundering and maintaining uniforms;

17       (f)   failing to reimburse employees for necessary expenses;

18       (g)   failing to pay all wages due and owing upon separation from Defendant's employ;

19  and

20       (h)   failing to provide accurate itemized, legally compliant wage statements to

21  employees.

22     40. Plaintiff is informed and believes that Defendants' violation of the Labor Code and the

23  IWC wage orders as specified herein was willful and deliberate.

24     41. In addition, Defendants willfully failed to pay on time to Plaintiff and other Class

25  Members the legal minimum and regular wages they earned, and failed to pay one hour wages in

26  lieu of required, but not lawfully provided, meal and rest periods, when each such employee quit

27  or was discharged.

28  **IV.**

- 9 -

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California, within the liability period from the date of the original filing of this action to the date of judgment, as non-exempt restaurant employees, however titled, whose job duties did not consist of over 50% administrative, executive, or professional duties;

43. Plaintiff also seeks to represent Subclasses composed of and defined as follows:

> All Class Members who were not paid at least minimum wage for each hour worked. (collectively "Minimum Wage Subclass")

> All Class Members who worked more than five (5) hours in a workday, and were not provided with a lawful, timely uninterrupted thirty (30) minute meal period, or compensation in lieu thereof (collectively "First Meal Period Subclass");

> All Class Members who worked more than ten (10) hours in a workday, and were not provided with a second lawful, timely uninterrupted net thirty (30) minute meal period, or compensation in lieu thereof (collectively "Second Meal Period Subclass");

> All Class Members who worked more than three and one-half (3 ½) hours in a workday and were not permitted or authorized to take one ten-minute rest period for every four hours worked or major fraction thereof (collectively "Rest Period Subclass");

> All Class Members who worked more than ten (10) hours and did not receive third net ten-minute rest period (hereinafter collectively referred to as the "Third Rest Period Subclass");

> All Class Members who are former employees of Defendants and who were not paid all owed wages at time of separation (hereinafter collectively referred to as the "Waiting Time Subclass");

> All Class Members who were not paid for time spent laundering and maintaining uniforms. (collectively "Uniform Unpaid Wage Subclass");

> All Class Members who were not reimbursed for necessary expenses incurred. (collectively "Indemnification Subclass");

> All Class Members who were not provided accurate, itemized wage statements (hereinafter collectively referred to as the "Wage Statement Subclass"); and

- 10 -

> All Class Members who were employed by Defendants and subject to Defendants' Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practices Subclass").

44. Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues.

45. As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

### A. Numerosity

46. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that the class consists of hundreds of employees during the relevant time period who are or have been affected by Defendants' unlawful practices as alleged herein.  Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

### B. Commonality

47. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

 a. Whether Defendants had a policy and practice of providing, lawful timely meal periods in accordance with the requirements of Labor Code § 512, as well as the applicable IWC wage order;

 b. Whether the meal period waivers required by Defendants are lawful;

 c. Whether Defendants had a policy and practice of complying with Labor Code

- 11 -

section 226.7 on each instance that a meal period was not timely, lawfully provided;

d.  Whether Defendants authorized and permitted all requisite net ten-minute rest periods for every four hours worked or major fraction thereof – one for shifts in excess of 3.5 hours; two for shifts in excess of six hours; and three for shifts in excess of ten hours;

e.  Whether Defendants authorized and permitted lawful, paid net ten-minute rest periods as required by law;

f.  Whether Defendants had a policy and practice of complying with Labor Code section 226.7 on each instance that a rest period was not lawfully authorized and permitted;

g.  Whether Defendants had a policy and practice of requiring employees to perform work off the clock;

h.  Whether Defendants' requirement that employees launder and maintain uniforms without compensation is lawful;

i.  Whether Defendants reimbursed employees for necessary expenses;

j.  Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

k.  Whether Defendants owe waiting time penalties under Labor Code 203;

l.  Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§ 17200, et seq.;

m.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law;

n.  Whether Defendants violated the Labor Code and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Class Members' earned wages, rates used to calculate such wages, work periods, meal periods, deductions and proper overtime calculations; and

o.  Whether Defendants violated sections 226 of the Labor Code and applicable IWC

- 12 -

Wage Orders by failing to provide accurate, itemized wage statements.

**C. <u>Typicality</u>**

48. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions.   All members of the Class and/or Subclasses have been similarly harmed by Defendants' denial of lawful meal and rest periods, failure to reimburse for necessary expenses; failure to pay for all hours worked; failure to provide accurate itemized wage statements, and failure to pay all wages earned at the time of termination.  Such violations are due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.  Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

**D. <u>Adequacy of Representation</u>**

49. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

**E. <u>Superiority of Class Action</u>**

50.  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or

CLASS ACTION COMPLAINT

varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.  Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices, including failing to compensate Class Members for all earned wages, including premium and minimum earned; and denying Class Members meal and rest periods without legal compensation; and failing to reimburse necessary expenses; and failing to provide accurate itemized wage statements.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

51. <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.  Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

**V.**

**<u>CAUSES OF ACTION</u>**

**First Cause of Action**

**FAILURE TO PAY ALL WAGES OWED**

(By Plaintiff and Class Against All Defendants)

52. Plaintiff incorporates by reference each and every paragraph above, and realleges each and every allegation contained above as though fully set forth herein.

53. The Labor Code and the IWC Wage Orders require that employees are paid at least minimum wage for all hours worked.

54. At all times relevant, Labor Code §1194 provides that any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

55. At all times relevant, Labor Code §1194.2 provides that in an action under section 1194 to recover unpaid minimum wages, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

56. At all times, the law required that employees be paid all wages they earn.

57. During the liability period, Plaintiffs and the Class were required by Defendants to work off-the-clock and were not paid for all the off-the-clock time they worked, including time worked to launder and maintain their uniforms.

58. Plaintiff and the Class Members performed such work for Defendants but were not compensated for such time.

59. To the extent such hours worked constitute overtime because the hours worked in a day are more than 8 hours or the hours worked in a week are over 40 hours, or constitute double time as defined by Labor Code 510 and the IWC Wage Order, Plaintiff is entitled to recover such uncompensated time.

60. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

61. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.

- 15 -

Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  Accordingly, Defendants owe Plaintiff and Class Members all earned regular and overtime wages.

62. Upon information and belief, Defendants knew or should have known Plaintiffs and the Class Members were undercompensated.   Such failure to fully compensate employees was willful.

63. Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of wages owed violates the provisions of Labor Code §510, §1194, §1198, and the applicable IWC wage orders and is therefore unlawful.

64. Pursuant to statute, including Labor Code §1194 and §1194.2, Plaintiff and the Class Members are entitled to recover their unpaid compensation, as well as interest, costs, liquidated damages, and attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE LAWFUL MEAL PERIODS

### By Plaintiff and Class Against All Defendants

65. Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

66. Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

67. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely, uninterrupted, and lawful first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

68. Such meal periods were frequently missed, untimely, or otherwise not lawfully provided as a consequence of Defendants' work demands, scheduling policies, and other policies and practices.

69. In addition, on information and belief, Plaintiff and Class Members did not consent to waiving their rights to such meal periods.

- 16 -

70. Upon information and belief, Plaintiff and the Class Members were not paid one hour of pay at their regular rate of compensation each day that a meal period was not lawfully provided.

71. In addition, Plaintiff and the Class members were also not provided timely, lawful second meal periods on days when shifts exceeded ten hours and twelve hours, nor were they provided premium wages in lieu of a second meal period.  On information and belief, Plaintiff and Class Members did not waive their rights to a second meal period on shifts in excess of ten hours.

72. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

73. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

### **THIRD CAUSE OF ACTION**

### **FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS**

### **By Plaintiff and Class Against All Defendants**

74. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

75. Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

76. Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

77. The law also requires that employees not be on-call during such rest periods and that all

- 17 -

control over employees be relinquished during such breaks.

78. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

79. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

80. Defendants created a working environment in which Class Members were neither authorized nor permitted to take their rest periods due to Defendants' shift scheduling, work demands, and job requirements placed upon them by Defendants.

81. Defendants did not pay Plaintiff an hour of wages for each day that a rest period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices.

82. By their failure to authorize and permit rest periods for every four (4) hours or major fraction thereof worked by Plaintiff and the Class Members, and by failing to provide compensation for such non-provided rest periods, as alleged above,

83. By their failure to authorize and permit  Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work periods in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

84. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and

costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

## FOURTH CAUSE OF ACTION

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

### By Plaintiff and Wage Statement Subclass Against Defendants

85. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

86. Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

87. Further, the IWC Wage Orders require: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

88. Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by

implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

89. Under Labor Code section 226 and applicable IWC Wage Orders, the wage statements Defendants provide to employees must show all payments owed.  Employers such as Defendants must also accurately report total hours worked by employees such as Plaintiff and Class Members, and all applicable hourly rates in effect during the hours worked, along with the total hours worked each day at each applicable hourly rate.  The wage statements Defendants provided to Plaintiff and Class Members failed to comply with these requirements.

90. Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section  1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all overtime hours worked, was an inaccurate wage statement.  On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

91. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information.

92. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants, did not and do not maintain accurate records pertaining to the total hours

worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

93. Plaintiffs and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

94. Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

**Fifth Cause of Action**

**<u>FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION</u>**

Labor Code § 201-203

(**By Plaintiff and Waiting Time Subclass Against All Defendants**)

95. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

96. Labor Code sections 201-202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is

1    commenced.  The penalty cannot exceed 30 days of wages.

2        97. Plaintiff and the Class he seeks to represent are entitled to compensation for all forms of

3    wages earned, including, but not limited to, compensation for non-provided rest periods and non-

4    provided meal periods, unpaid wages for each hour worked, including off the clock time and

5    overtime wages, but to date have not received such compensation therefore, thus requiring

6    Defendants to pay penalties under Labor Code section 203.

7        98. More than 30 days have passed since Plaintiff and certain other affected Waiting Time

8    Subclass members have left Defendant's employ, and they have not received payment pursuant to

9    Labor Code section 203.

10       99. As a consequence of Defendants' willful conduct of not paying all earned wages, Plaintiff

11   and the Waiting Time Subclass are entitled to up to 30 days' wages as a penalty under Labor

12   Code section 203 for Defendants' failure to pay legal wages.

13       100.    Plaintiff and the Waiting Time Subclass are also entitled to up to 30 days' wages

14   as a penalty under Labor Code section 203 for Defendants' willful failure to pay one hours wage

15   in lieu thereof for rest and meal period violations and failure to pay all wages owed together with

16   interest thereon and attorneys' fees and costs.

17       101.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

18   represent are entitled to penalties, interest, attorneys' fees, and costs.

19                              **SEVENTH CAUSE OF ACTION**

20                    **Failure to Reimburse Necessary Expenditures**

21              **(On Behalf of Plaintiff and the Indemnification Subclass)**

22       102.    Plaintiff repeats and incorporates herein by reference each and every allegation set

23   forth above, as though fully set forth herein.

24       103.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members

25   for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

26       104.    Plaintiff, and on information and belief members of the Indemnification Class,

27   were required to incur expenses in the performance of their assigned job duties.  For example,

28   Plaintiff and the Indemnification Class Members were required to incur numerous out of pocket

- 22 -

CLASS ACTION COMPLAINT

1   expenses, including expenses for uniforms, and to launder and maintain said uniforms.

2      105.     Upon information and belief, the Defendants did not reimburse Plaintiffs or the

3   Plaintiff's subclass for such expenses.

4      106.     As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs'

5   Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at

6   trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon,

7   attorneys' fees, and costs, pursuant to Labor Code §2802.

8                    **Seventh Cause of Action**

9                  ***Violation of Unfair Competition Law***

10               Cal. Bus. & Prof. Code §§ 17200, et. seq.

11                    (Against All Defendants)

12      107.     Plaintiff repeats and incorporates herein by reference each and every allegation set

13   forth above, as though fully set forth herein.

14      108.     Defendants have engaged in unlawful activity prohibited by Business and

15   Professions Code section 17200 *et. seq.* as specified herein above.  This unlawful conduct

16   includes but is not limited to, the following:

17
18       i.     requiring work "off the clock," for example by not paying employees for their time worked to launder and maintain uniforms;

19
20
21
22
23       ii.     requiring employees to work without being provided lawful, timely meal and rest breaks as required by law and not being compensated one (1) hour of pay at an employee's regular rate of compensation for each workday the employee was not provided a required break period (up to two violations per day), all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

24
25       iii.     failing to pay non-exempt employees the required minimum wages due and owed for each hour worked; and

26       iv.     failing to provide accurate itemized wage statements;

27       v.     failing to keep all records required by law;

28       vi.     failing to reimburse necessary expenses; and

vii.    failing to pay all wages due and owing at the time of termination.

109.    The actions of Defendants, as alleged within this Complaint, constitute false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code section 17200, *et. seq.*

110.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class they seek to represent.  Defendants should be enjoined from such activity and made to restore to Plaintiff and the members of the Plaintiff's Class their wrongfully withheld wages pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants have been unjustly enriched by requiring employees to assume Defendants' expenditures and losses, by failing to pay legal wages and/or other compensation for working through required break periods, and by failing to pay compensation for non-provided break periods to Plaintiff and members of the Plaintiff's Class.  Plaintiff and the members of the Class are prejudiced by Defendants' unfair trade practices.

111.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all Class Members similarly situated, are entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Class as a result of Defendants' business acts and practices described herein.

## VI.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That Plaintiff be appointed as the representative of the Subclasses; and

4.    That counsel for Plaintiff shall be appointed as counsel for the Class and Subclasses.

**On the First Cause of Action**

(Failure to Pay All Wages Owed, Including Overtime)

1.     For unpaid wages, including all regular wages and overtime compensation owed to Plaintiff and Class Members;

2.     Penalties and liquidated damages according to statute, including those available pursuant to Labor Code sections 204 and 1194.2;

3.     For pre-judgment interest on any unpaid regular wages and overtime compensation due from the day that such amounts were due;

4.     For reasonable attorneys' fees and costs pursuant to statute; and

5.     For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

(Failure to Provide Lawful Meal Periods)

1.     For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.     For reasonable attorneys' fees and costs pursuant to statute; and

3.     For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

(Failure to Authorize and Permit Lawful Rest Periods)

1.     For one (1) hour of premium pay for each day in which a required rest period was not properly permitted or authorized; and

2.     For reasonable attorneys' fees and costs pursuant to statute; and

3.     For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

1.     For statutory penalties, including penalties pursuant to Labor Code section 226; and

2.     For such other and further relief as the Court deems proper;

**On the Fifth Cause of Action**

- 25 -

CLASS ACTION COMPLAINT

(Failure to Timely Pay Wages Due at Termination)

1.  For unpaid wages;

2.  For penalties pursuant to <u>Labor Code</u> § 201-203;

3.  For interest for wages untimely paid;

4.  For reasonable attorneys' fees and costs pursuant to statute; and

5.  For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

(Violation of Unfair Competition Law)

1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to accurately pay wages over the last four (4) years in an amount according to proof;

2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay premium wages for meal periods and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.    For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code section 1194, and California Code of Civil Procedure section 1021.5;

5.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code section 1194; and

6.    For such other and further relief as the Court deems proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, on behalf of the Class and Subclasses, respectfully demands a jury trial in this matter to the fullest extent authorized by law.

- 26 -

CLASS ACTION COMPLAINT

Dated: June 14, 2017          **JAMES HAWKINS APLC**

_/s/Christina M. Lucio_

James R. Hawkins, Esq.
Christina M. Lucio, Esq.,
Attorneys for Plaintiff
Manuel Vigueras,
on behalf of himself and all others similarly situated

CLASS ACTION COMPLAINT

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See Attached Page

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MANUEL VIGUERAS, on behalf of themselves individually and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/17/2017** at 12:35:00 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Civil Complex

751 W. Santa Ana Blvd. Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*

30-2017-00931770-CU-OE-CXC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC- 9880 Research Drive Ste 200 Irvine, CA 92618  PH:949-387-7200

David H. Yamasaki, Clerk of the Court

DATE:
*(Fecha)* 7/17/2017

Clerk, by
*(Secretario)* _____ Cloose

, Deputy
*(Adjunto)*

S. Loose

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Manuel Vigueras v. Red Robin International Inc. | 30-2017-00931770-CU-OE-CXC |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

RED ROBIN INTERNATIONAL, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS RED ROBIN BURGER SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 100, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>JAMES HAWKINS APLC<br>James R. Hawkins, Esq SBN 192925, Christina M. Lucio, Esq. SBN 253677<br>9880 Research Drive Ste. 200 Irvine, CA 92618<br>TELEPHONE NO.: 949-387-7200    FAX NO.: 949-387-6676<br>ATTORNEY FOR (Name): MANUEL VIGUERAS | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/14/2017** at 11:12:14 AM<br>Clerk of the Superior Court<br>By Georgina Ramirez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
MANUEL VIGUERAS v. RED ROBIN INTERNATIONAL, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2017-00931770-CU-OE-CXC |
| | | | | JUDGE: Judge Glenda Sanders |
| | | | | DEPT: CX-101 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (*not specified above*) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (*not specified above*) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (*specify*): 6
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015*.)

Date: July 14, 2017

Christina M. Lucio, Esq.
_____              ►_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**751 W. Santa Ana Blvd**

**Santa Ana , CA 92701**

**(657) 622-5300**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2017-00931770-CU-OE-CXC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>   Glenda Sanders | Civil Complex Center | CX101 | (657) 622-5300 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

# SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
   - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
   - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  07/14/2017

Georgina Ramirez
_____, Deputy Clerk

## NOTICE OF CASE ASSIGNMENT