1  James R. Hawkins, Esq. SBN 192925
   james@jameshawkinsaplc.com
2  Christina M. Lucio, Esq. SBN 253677
   christina@jameshawkinsaplc.com
3  9880 Research Drive, Suite 200
   Irvine, CA 92618
4  TEL:   (949) 387-7200
   FAX:   (949) 387-6676

5

6  Attorneys for Plaintiff, Manuel Vigueras,
   on behalf of himself and all others similarly situated

7

8              UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN

10

| | |
|---|---|
| MANUEL VIGUERAS, on behalf of themselves individually and all others similarly situated, | Case No.  8:17-cv-1422<br>Assigned For All Purposes to:<br>Hon. James V. Selna |
| Plaintiff, | (Formerly Orange Cty. Sup. Case No. 30-2017-00931770-CU-OE-CXC) |
| vs. | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| RED ROBIN INTERNATIONAL, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS RED ROBIN BURGER SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 100, inclusive, | 1) Failure to Pay All Wages Owed, Including Overtime<br>2) Failure to Provide Lawful Meal Periods<br>3) Failure to Authorize and Permit Lawful Rest Periods |
| Defendants. | 4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions<br>5) Failure to Reimburse Necessary Expenses<br>6) Violations of the Unfair Competition Law |
| | **JURY TRIAL DEMANDED** |

- 1 -

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, MANUEL VIGUERAS, on behalf of himself individually and all others similarly situated, complains of Defendants, and each of them, and for causes of action alleges:

## I.

## <u>INTRODUCTION</u>

1.  This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all hourly, non-exempt employees who are employed by, or were formerly employed by, RED ROBIN INTERNATIONAL, INC., a Nevada corporation (hereinafter "RED ROBIN" or "Defendant"), in positions in Defendant's restaurants within the State of California at any time during the four years prior to the filing of the original complaint in this action to the date of judgment.

2.  During the liability period, as defined as the applicable statute of limitations for each and every cause of action contained herein, Defendant consistently maintained and enforced against Red Robin Non-Exempt Employees unlawful practices and policies in violation of California state wage and hour laws as detailed more extensively herein.

3.  From at least four (4) years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of: (a) failing to provide lawful meal and rest breaks, and failing to pay employees one (1) hour of pay at the employee's regular rate of compensation for each workday that a legally compliant meal or rest period is or was not lawfully provided, (b) failing to reimburse employees for necessary expenditures; (c) failing to pay for all hours worked; (d) failing to provide accurate itemized wage statements; and (e) failing to keep accurate time keeping records.

4.  Plaintiff, on behalf of himself and all putative Class Members, brings this action pursuant to Labor Code sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1195, 1197, 1198,

2802, the applicable IWC California Wage Orders, and California Code of Regulations, Title 8, section 11000 *et. seq.*, seeking unpaid wages, unpaid meal period and rest period compensation, unreimbursed expenses, penalties, and reasonable attorneys' fees and costs.

5.  Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their unlawful conduct as specified herein.

## II.

## PARTIES

### A.    Plaintiff and the Class

6.  Plaintiff Manuel Vigueras is and was at all relevant times a resident of Orange County, California.  During the relevant times addressed herein, Plaintiff was employed by Defendant as an hourly, non-exempt restaurant employee in the City of Irvine, California.  Plaintiff began his employment with Defendants at the Irvine Spectrum location on or about February 2014.  At all relevant times, Plaintiff was employed by Defendants in various hourly, non-exempt restaurant positions, including as a server and as a bartender.

7.  As Red Robin employees, Plaintiff and the Class he seeks to represent were regularly required to:

> (a) work without compensation of all hours worked, including without limitation for time spent maintaining uniforms;
>
> (b) work without being permitted or authorized the required, lawful, timely, paid rest periods;
>
> (c) work without being compensated one (1) hour of pay at the regular rate of compensation for each workday that a lawful rest period was not provided; and
>
> (d) work in excess of five (5) hours per day without being provided a lawful, timely meal period;

FIRST AMENDED CLASS ACTION COMPLAINT

(e) work without being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was late, interrupted and/or not provided;

(f) incur necessary expenses, including for uniforms and their maintenance, without reimbursement.

8. Defendants also failed to provide accurate itemized wage statements to Plaintiff and members of the Class.

## B. **Defendants**

9. Defendant Red Robin is a Nevada corporation, which maintains a chain of casual dining restaurants throughout California and the United States. It is headquartered in Colorado. As relevant to this Complaint, Red Robin owns and operates numerous restaurants located in California including in Orange County.

10. As pertinent hereto, Defendant employs and has employed numerous non-exempt restaurant employees, however titled, in its locations in California, including without limitation at the restaurant at the Irvine Spectrum in Irvine, California. Such non-exempt restaurant employees include, without limitation, servers, hosts, waiters, cooks, kitchen staff, bussers, and bartenders.

11. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believe, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

12. Plaintiff is informed and believe, and based thereon alleges, that Defendant acted in all respects pertinent to this action as the agent of the other Defendants,

carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

### III.

### JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over Plaintiff's complaint, as Defendant has removed this action to the Central District of California, Southern Division on diversity grounds pursuant to 28 USC 1332, 1441, and 1446.

14. Venue is proper in the Central District of California because the case was removed from the Superior Court of Orange County.  In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendant is a corporation that (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

### V.

### FACTUAL BACKGROUND

15. Defendants operate and, at all times during the liability period, have conducted business in the city of Irvine located in Orange County, and have maintained hundreds of casual dining restaurants within California, throughout the nation and worldwide.

16. Upon information and belief, Defendant has operated approximately 70 restaurants during the relevant time period in California.

17. Defendants have employed numerous hourly, non-exempt restaurant employees, however titled, at its locations in California ("Class Members" or "Red Robin Non-Exempt Employees"), including without limitation at the restaurant at the Irvine Spectrum in Irvine, California.

18. Plaintiffs and Red Robin Non-Exempt Employees are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC

California Wage Orders.  They are subject to the protections of IWC Wage Order No. 5-2001 and the Labor Code.

19. During the liability period, Plaintiff and Red Robin Non-Exempt Employees were employed by Defendants throughout California as and were paid hourly wages on a non-exempt basis.

20. Plaintiff and the Red Robin Non-Exempt Employees worked in various positions at the restaurant locations, including without limitation, as servers, hosts, waiters, cooks, kitchen staff, bussers, and bartenders.

21. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

22. Plaintiff and the Class Members were regularly required to work hours off-the-clock for which they were not paid, including without limitation for time spent laundering and maintaining Defendant-required work uniforms.

23. Defendant knew or should have known that Plaintiff and the Class Members were working off the clock without being compensated for such time.

24. Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

25. As a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Plaintiff and the Red Robin Non-Exempt Employees were frequently not provided with a timely, lawful, uninterrupted thirty (30) minute meal period when the employee's work shift exceeded five (5) hours and were not provided with a second timely, lawful thirty (30) minute meal period when the employee's work shift exceeded ten (10) hours.

26. On the occasions that meal periods were provided to Class Members, the meal periods were frequently late or short.

FIRST AMENDED CLASS ACTION COMPLAINT

27. In addition, Plaintiff and, upon information and belief, Class Members were expected to sign waivers of meal breaks on shifts of up to 6 hours.  Supervisors encouraged and expected Class Members to sign such waivers, and pressured Class Members to sign the waivers even when the subject Class Members wanted to take a statutorily required meal period.  Thus, such waivers were not consensual.

28. Plaintiff and Red Robin Non-Exempt Employees were also not compensated an additional hour of pay at the employee's regular rate of pay when such meal periods were not provided in violation of Labor Code §§ 226.7 and 512, and the applicable Industrial Welfare Commission Wage Orders.

29. In addition, during the relevant time frame, Plaintiff and Red Robin Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 5-2001.

30. Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.

31. Moreover, upon information and belief, employees were required to remain on premises during rest periods.

32. Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

33. In addition, Plaintiff and the Class Members were required to incur expenses to purchase and maintain uniforms required for their work at Defendants' restaurants.

34. Moreover, Defendants did not reimburse the expenses incurred by Plaintiff

and, upon information and belief, those incurred by Class Members.  Such expenses include without limitation those incurred to purchase, launder, and maintain uniforms required for work at the restaurants.

35. Defendants also did not pay Plaintiff and the Class Members to maintain and launder their uniforms.  As a consequence of Defendants failure to pay to maintain and launder such uniforms, Defendants did not fully compensate Plaintiff and Red Robin Non-Exempt Employees for hourly wages earned during the liability period.

36. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations. Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Red Robin Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders. Plaintiff and the Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(e).

37. On information and belief, Defendants knew or should have known that it is improper to commit the following unlawful acts:

(a)   requiring Red Robin Non-Exempt Employees to work in excess of five hours and ten hours per day, respectively, without being provided a lawful, timely uninterrupted thirty (30) minute meal period and/or a second lawful, timely uninterrupted thirty (30) minute meal period;

(b)   failing to compensate employees with one (1) hour of pay at the regular rate of compensation for each workday that a lawful, timely first or second meal period was not provided;

(c)   failing to authorize and permit employees to take a paid net ten-

FIRST AMENDED CLASS ACTION COMPLAINT

minute rest period for every four hours worked or major fraction thereof on shifts exceeding 3.5 hours;

(d)   failing to compensate employees with one (1) hour of pay at the regular rate of compensation for each workday that a lawful, timely rest period was not provided;

(e)   failing to pay employees for all hours worked, including without limitation for time off-the-clock work and time spent laundering and maintaining uniforms;

(f)   failing to reimburse employees for necessary expenses; and

(g)   failing to provide accurate itemized, legally compliant wage statements to employees.

38. Plaintiff is informed and believes that Defendants' violation of the Labor Code and the IWC wage orders as specified herein was willful and deliberate.

39. In addition, Defendants willfully failed to pay on time to Plaintiff and other Class Members the legal minimum and regular wages they earned, and failed to pay an additional hour of compensation at the employee's regular rate in lieu of required, but not lawfully provided, meal and rest periods, when each such employee quit or was discharged.

## IV.
## CLASS ACTION ALLEGATIONS

40.   Plaintiff brings his claims for relief to redress and remedy Defendants' violations of California Labor Code pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41.   Plaintiff seeks to represent the following class of Red Robin employees:

All persons who are employed or have been employed by Defendant

FIRST AMENDED CLASS ACTION COMPLAINT

as non-exempt, hourly employees, however titled, in Defendant's restaurants in the state of California during the period beginning 4 years prior to the commencement of this action through the date of judgment in this action (the "Class Period").

42. Plaintiff also seeks to represent Subclasses composed of and defined as follows:

All Class Members who were not paid at least minimum wage for each hour worked. (collectively "Minimum Wage Subclass")

All Class Members who worked more than five (5) hours in a workday, and were not provided with a lawful, timely uninterrupted thirty (30) minute meal period, or compensation in lieu thereof (collectively "First Meal Period Subclass");

All Class Members who worked more than ten (10) hours in a workday, and were not provided with a second lawful, timely uninterrupted net thirty (30) minute meal period, or compensation in lieu thereof (collectively "Second Meal Period Subclass");

All Class Members who worked more than three and one-half (3 ½) hours in a workday and were not permitted or authorized to take one ten-minute rest period for every four hours worked or major fraction thereof (collectively "Rest Period Subclass");

All Class Members who worked more than ten (10) hours and did not receive third net ten-minute rest period (hereinafter collectively referred to as the "Third Rest Period Subclass");

All Class Members who were not paid for time spent laundering and maintaining uniforms. (collectively "Uniform Unpaid Wage Subclass");

All Class Members who were not reimbursed for necessary expenses incurred. (collectively "Indemnification Subclass");

All Class Members who were not provided accurate, itemized wage statements (hereinafter collectively referred to as the "Wage Statement Subclass"); and

All Class Members who were employed by Defendants and subject to Defendants' Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practices Subclass").

FIRST AMENDED CLASS ACTION COMPLAINT

43. Plaintiff reserves the right to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues.

44. As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

**A. <u>Numerosity</u>**

45.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that the class consists of thousands of employees during the relevant time period who are or have been affected by Defendants' unlawful practices as alleged herein.  Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

46.    The proposed class is easily ascertainable. The number and identity of the class members are determinable from Red Robin's payroll records and time records for each class member.

**B. <u>Commonality</u>**

47. There are questions of law and fact  involving and affecting the Class Members.  The questions of law and fact common to the class members predominate over any questions affecting only individual Class Members, including but not limited to the following:

a.  Whether Defendants had a policy and practice of providing, lawful

FIRST AMENDED CLASS ACTION COMPLAINT

timely meal periods in accordance with the requirements of Labor Code § 512, as well as the applicable IWC wage order;

b. Whether the meal period waivers required by Defendants are lawful;

c. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 on each instance that a meal period was not timely, lawfully provided;

d. Whether Defendants paid the premium pay owed for non-compliant meal and rest periods at the employee's regular rate;

e. Whether Defendants authorized and permitted all requisite net ten-minute rest periods for every four hours worked or major fraction thereof – one for shifts in excess of 3.5 hours; two for shifts in excess of six hours; and three for shifts in excess of ten hours;

f. Whether Defendants authorized and permitted lawful, paid net ten-minute rest periods as required by law;

g. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 on each instance that a rest period was not lawfully authorized and permitted;

h. Whether Defendants had a policy and practice of requiring employees to perform work off the clock;

i. Whether Defendants' requirement that employees launder and maintain uniforms without compensation is lawful;

j. Whether Defendants reimbursed employees for necessary expenses;

k. Whether Defendants maintained accurate records as required by the IWC Wage Order and Labor Code sections 226 and 1174;

l. Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§ 17200, et seq.;

m. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law;

n. Whether Defendants violated the Labor Code and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Class Members' earned wages, rates used to calculate such wages, work periods, meal periods, deductions and proper overtime calculations;

o. Whether Defendants violated sections 226 of the Labor Code and applicable IWC Wage Orders by failing to provide accurate, itemized wage statements; and

p. Whether Defendants conduct was willful.

**C. Typicality**

48. The claims of Plaintiff are typical of the claims which could be alleged by members of the proposed class, and the relief sought by Plaintiff is typical of the relief which would be sought by members of the proposed class in individual actions. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest. All members of the Class and/or Subclasses were subject to the same policies and practices of Red Robin, as alleged herein. All members of the Class and/or Subclasses have been similarly harmed by Defendants' denial of lawful meal and rest periods, failure to reimburse for necessary expenses; failure to pay for all hours worked; and failure to provide accurate itemized wage statements. Such violations are due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

**D. Adequacy of Representation**

49. Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff

acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.  Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

**E. Superiority of Class Action**

50.     The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.  Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices, including failing to compensate Class Members for all earned wages, including premium wages, overtime and minimum wage earned; denying Class Members lawful meal and rest periods; failing to pay Class Members an additional hour of pay at the regular rate for non-compliant meal and

rest periods;  failing to reimburse necessary expenses; and failing to provide accurate itemized wage statements.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

51.   <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.  Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## V.

## <u>CAUSES OF ACTION</u>

### First Cause of Action

### FAILURE TO PAY ALL WAGES OWED

(<u>By Plaintiff and Class Against All Defendants</u>)

52. Plaintiff incorporates by reference each and every paragraph above, and realleges each and every allegation contained above as though fully set forth herein.

53. The Labor Code and the IWC Wage Orders require that employees are paid at least minimum wage for all hours worked.

54. At all times relevant, Labor Code §1194 provides that any employee receiving less than the legal minimum wage or the legal overtime compensation

applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

55. At all times relevant, Labor Code §1194.2 provides that in an action under section 1194 to recover unpaid minimum wages, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

56. At all times, the law required that employees be paid all wages they earn.

57. During the liability period, Plaintiff and the Class were required by Defendants to work off-the-clock and were not paid for all the off-the-clock time they worked, including without limitation time worked to launder and maintain their uniforms.

58. Defendants knew or should have known that Plaintiff and the Class Members were working hours off-the-clock for which they were legally required to be paid.

59. Plaintiff and the Class Members performed such work for Defendants but were not compensated for such time.

60. To the extent such hours worked constitute overtime because the hours worked in a day are more than 8 hours or the hours worked in a week are over 40 hours, or constitute double time as defined by Labor Code 510 and the IWC Wage Order, Plaintiff is entitled to recover such uncompensated time.

61. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

62. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  Accordingly, Defendants owe Plaintiff and

FIRST AMENDED CLASS ACTION COMPLAINT

Class Members all earned regular and overtime wages.

63. Upon information and belief, Defendants knew or should have known Plaintiffs and the Class Members were undercompensated.   Such failure to fully compensate employees was willful.

64. Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of wages owed violates the provisions of Labor Code §510, §1194, §1198, and the applicable IWC wage orders and is therefore unlawful.

65. Pursuant to statute, including Labor Code §1194 and §1194.2, Plaintiff and the Class Members are entitled to recover their unpaid compensation, as well as interest, costs, liquidated damages, and attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE LAWFUL MEAL PERIODS

### By Plaintiff and Class Against All Defendants

66. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

67. Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

68. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely, uninterrupted, and lawful first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

69. Such meal periods were frequently missed, untimely, or otherwise not lawfully provided as a consequence of Defendants' work demands, scheduling policies, and other policies and practices.

70. In addition, on information and belief, Plaintiff and Class Members did not consent to waiving their rights to such meal periods.

FIRST AMENDED CLASS ACTION COMPLAINT

71. Upon information and belief, Plaintiff and the Class Members were not paid one hour of pay at their regular rate of compensation each day that a meal period was not lawfully provided.

72. In addition, Plaintiff and the Class members were also not provided timely, lawful second meal periods on days when shifts exceeded ten hours and twelve hours, nor were they provided premium wages in lieu of a second meal period.  On information and belief, Plaintiff and Class Members did not waive their rights to a second meal period on shifts in excess of ten hours.

73. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

74. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

## THIRD CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS

### By Plaintiff and Class Against All Defendants

75. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

76. Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

77. Labor Code §226.7(a) prohibits an employer from requiring any employee to

1    work during any rest period mandated by an applicable order of the IWC.

2    78. The law also requires that employees not be on-call during such rest periods

3    and that all control over employees be relinquished during such breaks.

4    79. Defendants were required to authorize and permit employees such as

5    Plaintiff and Class Members to take rest periods during shifts in excess of 3.5

6    hours, based upon the total hours worked at a rate of ten (10) minutes net rest per

7    four (4) hours worked, or major fraction thereof, with no deduction from wages.

8    80. Despite said requirements of the IWC wage orders applicable to Plaintiff's

9    and Class Member's employment with Defendants, Defendants failed and refused

10   to authorize and permit Plaintiff and Class Members to take lawful, net ten (10)

11   minute rest periods for every four (4) hours worked, or major fraction thereof.

12   81. Defendants created a working environment in which Class Members were

13   neither authorized nor permitted to take their lawful rest periods due to

14   Defendants' shift scheduling, work demands, and job requirements placed upon

15   them by Defendants.

16   82. In the limited instances when Plaintiff and the Class Members were able to

17   take breaks, they were frequently rushed back to work when it became busy and

18   were not provided the full net ten minute rest period.

19   83. In addition, Plaintiff and Class Members were not allowed to leave the

20   premises during rest breaks.

21   84. Defendants did not pay Plaintiff one additional hour of pay at his regular rate

22   of pay for each day that a rest period violation occurred.  On information and

23   belief, the other members of the Class endured similar violations as a result of

24   Defendants' rest period policies and practices.

25   85. By their failure to authorize and permit  Plaintiff and the Class Members to

26   take a lawful, net ten (10) minute rest period free from work duties every four (4)

27   hours or major fraction thereof worked, including failure to provide two (2) total

28   rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods

FIRST AMENDED CLASS ACTION COMPLAINT

on days on which Plaintiff and the other Class Members work(ed) work periods in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

86. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

## FOURTH CAUSE OF ACTION
## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
### By Plaintiff and Wage Statement Subclass Against Defendants

87. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

88. Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

89. Further, the IWC Wage Orders require in pertinent part: Every employer

shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay….”

90. Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

91. Under Labor Code section 226 and applicable IWC Wage Orders, the wage statements Defendants provide to employees must show all payments owed. Employers such as Defendants must also accurately report total hours worked by employees such as Plaintiff and Class Members, and all applicable hourly rates in effect during the hours worked, along with the total hours worked each day at each applicable hourly rate.  The wage statements Defendants provided to Plaintiff and Class Members failed to comply with these requirements.

92. Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all overtime hours worked, was an inaccurate wage statement. On information and belief, Defendants failed to implement and preserve a lawful

record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

93. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information.  In part, this violation is the consequence of the above-specified violations for failure to pay all wages owed and failure to pay meal and rest period premiums as required.

94. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants, did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

95. Plaintiffs and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours

worked at each hourly rate.

96. Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

### Fifth Cause of Action

### Failure to Reimburse Necessary Expenditures

### (On Behalf of Plaintiff and the Indemnification Subclass)

97. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

98. Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

99. Plaintiff, and on information and belief members of the Indemnification Class, were required to incur expenses in the performance of their assigned job duties. For example, Plaintiff and the Indemnification Class Members were required to incur numerous out of pocket expenses, including expenses for uniforms, and to launder and maintain said uniforms.

100. Upon information and belief, the Defendants did not reimburse Plaintiffs or the Plaintiff's subclass for such expenses.

101. As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs' Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

### Sixth Cause of Action

### *Violation of Unfair Competition Law*

Cal. Bus. & Prof. Code §§ 17200, et. seq.

- 23 -

(<u>Against All Defendants</u>)

102.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

103.     Defendants have engaged in unlawful activity prohibited by Business and Professions Code section 17200 *et. seq.* as specified herein above.  This unlawful conduct includes but is not limited to, the following:

i.      requiring work "off the clock," for example by not paying employees for their time worked to launder and maintain uniforms;

ii.     requiring employees to work without being provided lawful, timely meal and rest breaks as required by law and not being compensated one (1) hour of pay at an employee's regular rate of compensation for each workday the employee was not provided a required break period (up to two violations per day), all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

iii.    failing to pay non-exempt employees the required minimum wages, or overtime as the case may be, due and owed for each hour worked; and

iv.     failing to provide accurate itemized wage statements;

v.      failing to keep all records required by law; and

vi.     failing to reimburse necessary expenses.

104.     The actions of Defendants, as alleged within this Complaint, constitute false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code section 17200, *et. seq.*

105.     As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class they seek to represent.  Defendants should be enjoined from such activity and made to restore to Plaintiff and the members of the Plaintiff's Class their wrongfully withheld wages pursuant to Business and Professions Code section 17203.

Plaintiff is informed and believes, and thereon alleges, that Defendants have been unjustly enriched by requiring employees to assume Defendants' expenditures and losses, by failing to pay legal wages and/or other compensation for working through required break periods, and by failing to pay compensation for non-provided break periods to Plaintiff and members of the Plaintiff's Class.  Plaintiff and the members of the Class are prejudiced by Defendants' unfair trade practices.

106.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all Class Members similarly situated, are entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Class as a result of Defendants' business acts and practices described herein.

## VI.

## <u>PRAYER</u>

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representative of the Subclasses; and

4.     That counsel for Plaintiff shall be appointed as counsel for the Class and Subclasses.

### On the First Cause of Action

#### (Failure to Pay All Wages Owed, Including Overtime)

1.     For unpaid wages, including all regular wages and overtime compensation owed to Plaintiff and Class Members;

2.     Penalties and liquidated damages according to statute, including those available pursuant to Labor Code sections 204 and 1194.2;

3.     For pre-judgment interest on any unpaid regular wages and overtime compensation due from the day that such amounts were due;

FIRST AMENDED CLASS ACTION COMPLAINT

4. For reasonable attorneys' fees and costs pursuant to statute; and

5. For such other and further relief as the Court deems proper.

### On the Second Cause of Action

#### (Failure to Provide Lawful Meal Periods)

1. For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2. For reasonable attorneys' fees and costs pursuant to statute; and

3. For such other and further relief as the Court deems proper.

### On the Third Cause of Action

#### (Failure to Authorize and Permit Lawful Rest Periods)

1. For one (1) hour of premium pay for each day in which a required rest period was not properly permitted or authorized; and

2. For reasonable attorneys' fees and costs pursuant to statute; and

3. For such other and further relief as the Court deems proper.

### On the Fourth Cause of Action

#### (Failure to Provide Accurate Itemized Wage Statements)

1. For statutory penalties, including penalties pursuant to Labor Code section 226; and

2. For such other and further relief as the Court deems proper;

### On the Fifth Cause of Action

#### (Failure to Reimburse Necessary Expenses)

1. For unreimbursed sums;

2. For interest for unreimbursed sums;

3. For reasonable attorneys' fees and costs pursuant to statute; and

4. For such other and further relief as the Court deems proper.

### On the Sixth Cause of Action

#### (Violation of Unfair Competition Law)

1. That Defendants, jointly and/or severally, pay restitution and/or

FIRST AMENDED CLASS ACTION COMPLAINT

disgorgement of sums to Plaintiff and Class Members for their past failure to accurately pay wages over the last four (4) years in an amount according to proof;

2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay premium wages for meal periods and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.    For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code section 1194, and California Code of Civil Procedure section 1021.5;

5.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code section 1194; and

6.    For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of the Class and Subclasses, respectfully demands a jury trial in this matter to the fullest extent authorized by law.

Dated: October 30, 2017          **JAMES HAWKINS APLC**


                                 */s/ James R. Hawkins*
                                 James R. Hawkins, Esq.
                                 Christina M. Lucio, Esq.,
                                 Attorneys for Plaintiff
                                 Manuel Vigueras,
                                 on behalf of himself and all others similarly

- 27 -

situated

FIRST AMENDED CLASS ACTION COMPLAINT

<u>CERTIFICATE OF SERVICE</u>

UNITED STATES DISTRICT COURT )

CENTRAL DISTRICT OF CALIFORNIA ) SS

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to this action. My business address is: 9880 Research Drive Suite 200, Irvine, CA 92618.

I hereby certify that on November 1, 2017  I caused to be served on interested parties a copy of the document(s) entitled:

- **FIRST AMENDED CLASS ACTION COMPLAINT**

[XX]  BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM:  On this date I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon receipt of the Notice of electronic Filing ("NEF") by the registered CM/ECF users.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

Executed on November 1, 2017 at  Irvine, California.

 */s/ James R. Hawkins*
James R. Hawkins