UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 17-01422 JVS (DFMx)                           Date   February 21, 2019

Title   Manuel Vigueras v. Red Robin International, Inc. et, al.

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Granting in Part and Denying in Part Defendant's Motion to Decertify the Arbitration Subclass**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby Grants in Part and Denies in Part the Defendant's Motion to Decertify the Arbitration Subclass and rules in accordance with the tentative ruling as follows:**

Defendant Red Robin International, Inc. ("Red Robin") filed a motion to decertify the Arbitration Subclass pursuant to Federal Rule of Civil Procedure 23. Mot., Docket No. 52. Plaintiff Manuel Vigueras ("Vigueras"), on behalf of himself and the certified class and subclasses, filed an opposition. Opp'n, Docket No. 61. Red Robin replied. Reply, Docket No. 62.

For the following reasons, the Court **grants in part** and **denies in part** the motion.

**I. BACKGROUND**

**A.    This Action**

On July 14, 2017, Vigueras filed a putative class action lawsuit in the Superior Court for the County of Orange against Red Robin alleging various wage and hour, meal and rest break, and related employment claims. Docket No. 1-1. Red Robin removed the lawsuit to this Court, and Vigueras subsequently filed the operative First Amended Complaint ("FAC"). Docket Nos. 1, 13. In the FAC, Vigueras alleges the same causes of action as the original complaint, both individually and on behalf of a putative class of "all hourly, non-exempt employees who were employed by, or were formerly employed by, Red Robin . . ., in positions in [its] restaurants within the State of California at any time during the four years prior to the filing of the original complaint in this action to the date of judgment." FAC, Docket No. 13 ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. | | |

On October 23, 2018, the Court issued an order certifying the following class:

> All persons who are employed or have been employed by [Red Robin] as non-exempt, hourly employees, however titled, in [Red Robin's] restaurants in the state of California from July 14, 2013 to the present.

Order, Docket No. 48 at 6, 20. Additionally, as relevant here, the Court designated as one of six subclasses a subclass of all putative class members subject to potentially binding arbitration agreements ("the Arbitration Subclass") because the circumstances under which employees signed the agreements were not specified, thus the Court could not determine whether the arbitration agreements were binding and enforceable. Id. at 19. Put another way, the issue of the enforceability of the arbitration agreements was not yet ripe for determination at the time of the Court's order on class certification.

Red Robin now moves to decertify the Arbitration Subclass members who signed binding and enforceable arbitration agreements preventing their participation in this class action. Mot., Docket No. 52.

**B.    The Arbitration Agreement**

Since September 2016, any individual who was hired to work at Red Robin has been provided with an arbitration agreement consisting of two documents totaling four pages as part of his or her new hire paperwork: (1) a "Receipt and Acknowledgement Form," and (2) a "Mutual Agreement to Arbitrate" (together, "the Arbitration Agreement"). Davie Decl. ¶ 5, Ex. A.

In bold font at the top of the page, the Arbitration Agreement provides: "Unless you properly opt out . . ., you and Red Robin agree to resolve any and all claims arising out of or related to your relationship or employment with Red Robin (that are not resolved via mediation) exclusively through final and binding arbitration rather than in court." Id., Ex. A at 2. The Agreement is governed by the Federal Arbitration Act ("FAA"), and arbitration under the Agreement is governed by the employment dispute resolution rules of the American Arbitration Association ("AAA"). Id., Ex. A ¶ E. The Agreement provides for a neutral arbitrator who must issue a written award and decision, and who has the power to award any form of legal or equitable relief available in a court of competent jurisdiction. Id. It also requires Red Robin to pay all fees and costs of the AAA and the arbitrator, even if arbitration is initiated by the employee. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. | | |

"Matters Covered by the Agreement" are defined as all disputes which could otherwise be raised in court "arising out of or relating to [the employee's] relationship or employment" with Red Robin. Id., Ex. A ¶ A. The Agreement also contains a provision entitled "Matters Not Covered by the Agreement," which provides in relevant part:

> Certain claims are not covered by this Agreement[, including]: . . . (vii) any class, collective or representative action filed in state or federal court prior to the date you received this Agreement where you are a current or putative member of such pending class, collective or representative action. This Agreement does apply, however, to any lawsuits that are filed after the date you received this Agreement and any existing lawsuit that is amended after the date you received this Agreement that, though such amendment, would include you within its scope, including any amended multi-party, class, collective, or representative actions.

Id., Ex. A ¶ B. The Arbitration Agreement also contains a class action waiver, which provides in relevant part:

> You and Red Robin agree that, except where prohibited by federal law, claims covered by this Agreement must be brought on an individual basis only, and not as part of a multi-party, class, collective, or representative action, and arbitration on an individual basis is the exclusive remedy for those claims. . . .

Id., Ex. A ¶ C. Finally, the Arbitration Agreement contain an "Opt-Out Option" allowing employees to opt-out of the Agreement within 30 calendar days of their first day of employment. Id., Ex. A ¶ J.

The two documents forming the Arbitration Agreement have remained the same without revision since September 2016. Id. ¶ 7. If an employee agreed to the Mutual Agreement to Arbitrate, he or she would electronically sign the Receipt and Acknowledgement Form through Workday, Robin's electronic human capital management platform used to maintain all employee information and personnel records, and the signed copy would be saved in the employee's Workday file. Id. ¶ 6; Declaration of Sean Daley ("Daley Decl."), Docket No. 62-1 ¶ 3. Employees are able to scroll up or down to review the two arbitration documents before signing, are able to download the unsigned Arbitration Agreement as a Word document, and a PDF copy of the agreement was sent to Arbitration Subclass members' personal email after signing. Daley

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. | | |

Decl. ¶ 2, Exs. B, C. Red Robin has not changed the part of the onboarding process regarding the Arbitration Agreement since it was introduced in September 2016, nor has it introduced any new writings or memorandums to the process. Davie Decl. ¶ 7.

As of November 8, 2018, approximately 5,740 employees executed the Arbitration Agreement and did not opt out within 30 calendar days of their first day of employment. Id. ¶ 14. Of those, 2,612 employees signed the Arbitration Agreement before this lawsuit was filed on July 14, 2017. Id. ¶ 15. The remaining 3,128 employees signed the Arbitration Agreement after this action was initiated. Id. ¶¶ 15, 16.

## II. Legal Standard

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "[A] district court retains the flexibility to decertify. Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." United Steel, Paper & Forestry, etc. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 593 F.3d 802, 809 (9th Cir. 2010). If "later evidence disproves Plaintiffs' contentions that common issues predominate, the district court can at that stage modify or decertify the class." Wiener v. Dannon Co., 255 F.R.D. 658, 671 (C.D. Cal. 2009) (citations and quotation marks omitted). A district court has "broad discretion" to revisit certification "throughout the legal proceedings before the court." Armstrong v. Davis, 275 F.3d 949, 971 n.28 (9th Cir. 2001).

## III. Discussion

**A.    The Court's Role in Applying Arbitration Agreements**

It is undisputed that the Arbitration Agreement is governed by the FAA, as explicitly stated in the Agreement. See Davie Decl., Ex. A ¶ E.

The Court must compel arbitration where (1) a valid agreement to arbitrate exists, and (2) the agreement encompasses the dispute at issue. Davis v. Nordstrom, Inc., 755 F.3d 1089, 1092 (9th Cir. 2014); 9 U.S.C. § 4. If a valid arbitration agreement exists, a district court must enforce the arbitration agreement according to its terms. Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004). Under both federal and California law, an arbitration agreement is valid and enforceable unless the movant waived its right to compel arbitration or the agreement is "revocable for reasons under state law that would render any contract revocable."  9 U.S.C. § 4; Cal. Code Civ. Proc. § 1281.2; see also Tiri v. Lucky Chances, Inc., 226 Cal. App. 4th 231, 239 (2014) (citing Armendariz v. Foundation Health Psychcare Services,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
|---|---|---|---|

| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. |
|---|---|

Inc., 24 Cal. 4th 83, 98 (2000)).

A district court applies state contract law to determine whether the parties are required to arbitrate and may consider state-law challenges, such as unconscionability, to the arbitration agreement's validity. Cox v. Ocean View Hotel, Corp., 533 F.3d 1114, 1121 (9th Cir. 2008). Ambiguities as to the scope of the arbitration provision must be interpreted in favor of arbitration. Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 (1995); see also AT&T Techs. Inc. v. Commc'n Workers of Am., 475 U.S. 643, 650 (1986).[1]

Here, the parties do not dispute that the Arbitration Agreement covers the claims at issue because they are related to the Arbitration Subclass members' employment with Red Robin.[2] See Mot., Docket No. 52-1 at 16–17; Opp'n, Docket No. 61 (containing no response to contention that claims at issue are covered by the Arbitration Agreement). Therefore, the Court turns to the validity of the Arbitration Agreement.

**B.   The Court Grants Decertification as to the 2,612 Arbitration Subclass Members Who Signed the Agreement Before This Action Was Filed.**

1.   Unconscionability

Vigueras argues that the Arbitration Agreement is unenforceable because it is unconscionable. Opp'n, Docket No. 61 at 6–9. In California, unconscionability has both a procedural and a substantive element. Armendariz, 24 Cal. 4th at 114. Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing

---

[1] The FAA also requires "district courts to compel arbitration even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 698 (9th Cir. 1986).

[2] The parties also do not dispute that, if the Court finds the Arbitration Agreement to be enforceable, the Arbitration Subclass members to which it applies must be decertified and must individually arbitrate their claims. See Mot., Docket No. 52-1 at 17–20. Class action waivers are enforceable in California. Johnmohammadi v. Bloomingdales, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014). Here, the Arbitration Agreement contains a valid class action waiver. See Davie Decl., Ex. A ¶ C. Therefore, the Court has the authority to deny class certification as to employees who signed valid and enforceable arbitration agreements covering the instant dispute. See Sherman v. CLP Resources, Inc., No. CV 12-8080-GW-PLAx, 2015 WL 13542759, at *2 (C.D. Cal. Mar. 19, 2015) ("While the Court [agrees] with Defendants that any class must be defined . . . to exclude employees who signed enforceable arbitration agreements, Defendants' suggestion that the mere existence of some agreements precludes class certification oversteps the mark.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. | | |

on oppression or surprise due to unequal bargaining power." Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., LLC, 55 Cal. 4th 223, 246 (2012). Substantive unconscionability, on the other hand, is present if the contract terms are "overly harsh" or "one-sided." Id. While both procedural and substantive unconscionability must exist for a contract to be unenforceable, they need not be present to the same degree. Id. at 247. The more substantively oppressive the terms are, the less evidence of procedural unconscionability is required to find that the contract is unenforceable, and vice versa. Id. The party challenging the arbitration agreement must establish unconscionability. Id.

        a.      Procedural Unconscionability

Procedural unconscionability requires oppression or surprise. Pinnacle, 55 Cal.4th at 247. "Oppression occurs where a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form." Id. (internal quotations omitted).

Vigueras argues that the Arbitration Agreement is procedurally unconscionable because it was a contract of adhesion presented on a take-it-or-leave-it basis. Opp'n, Docket No. 61 at 8–9. This is confirmed by the Arbitration Agreement, which provides that "[e]mployment with [Red Robin] is contingent upon signing the Agreement, but employees may opt out of the Agreement pursuant to Paragraph J below." Davie Decl., Ex. A. ¶ I; see also Declaration of Christina Lucio ("Lucio Decl."), Ex. 1 ("Simpson Depo.") at 55:15–56:3.

An arbitration agreement that is essentially a "'take it or leave it' employment condition, without more, is procedurally unconscionable." Martinez v. Master Prot. Corp., 118 Cal. App. 4th 107, 114 (2004); see also Armendariz, 24 Cal. 4th at 115 ("In the case of preemployment arbitration contracts, . . . few employees are in a position to refuse a job because of an arbitration requirement."). However, many courts have found that the take-it-or-leave-it employment contract scenario results in a minimal degree of procedural unconscionability. See, e.g., Collins v. Diamond Pet Food Processors of California, LLC, No. 2:13-cv-00113-MCE-KJN, 2013 WL 1791926, at *4 (E.D. Cal. Apr. 26, 2013); Miguel v. JP Morgan Chase Bank, N.A., No. CV 12-3308 PSG (PLAx), 2013 WL 452418, at *4 (C.D. Cal. Feb. 5, 2013); Saincome v. Truly Nolen of Am., Inc., No. 11-CV-825-JM (BGS), 2011 WL 3420604, at *4–5, 10 (S.D. Cal. Aug. 3, 2011). Moreover, an opt out provision eliminates any possibility of adhesiveness and precludes a finding of oppression. Kilgore v. KeyBank, Nat. Ass'n, 718 F.3d 1052, 1059 (9th Cir. 2012) (60-day opt-out period precludes procedural unconscionability); Circuit City Stores, Inc. v. Ahmed, 283 F.3d 1198, 1199–1200 (9th Cir. 2002) (30-day opt-out period precludes procedural unconscionability); Circuit City Stores, Inc. v. Najd, 294 F.3d 1104, 1108 (9th Cir. 2002) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. | | |

Here, the Arbitration Agreement afforded Red Robin employees 30 calendar days from their first day of employment to opt out of the Agreement. Davie Decl., Ex. A ¶ J. This opt-out opportunity is explicitly mentioned in capitalized, bolded typeface in both the Receipt and Acknowledgement Form and the Mutual Agreement to Arbitrate. Id. at 1, 2, 4, ¶ J. Therefore, Vigueras cannot plausibly argue that the Arbitration Agreement constituted "surprise" or "oppression" sufficient to establish procedural unconscionability.

Vigueras argues that the Arbitration Agreement is procedurally unconscionable because no employees have opted out of the Agreement. Opp'n, Docket No. 61 at 9. This argument is rejected for two reasons: (1) the evidence shows that at least three of the Arbitration Subclass members chose to opt out of the Arbitration Agreement, Daley Decl. ¶ 2, Ex. B, Response No. 57; and (2) Vigueras provides no authority to support the contention that the degree to which employees choose to opt out of an arbitration agreement impacts the agreement's unconscionability.

Vigueras also argues that the Arbitration Agreement was procedurally unconscionable because it didn't attach the AAA dispute resolution rules governing the Agreement or make them readily available at the time the Agreement was presented to the Arbitration Subclass. Opp'n, Docket No. 61 at 9. This argument is unavailing. Under California law, parties to an agreement can incorporate the terms of another document into the agreement by reference. Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1331 (2009); Wolschlager v. Fid. Nat. Title Ins. Co., 111 Cal. App. 4th 784, 790 (2003). "For the terms of another document to be incorporated into the document executed by the parties, the reference must be clear and unequivocal, the reference must be called to the attention of the other party and he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties." Collins, 2013 WL 1791926, at *5 (quoting Shaw v. Regents of Univ. of Cal., 58 Cal. App. 4th 44, 54 (1997)) (internal quotation marks omitted). Here, the Arbitration Agreement states that arbitration under the Agreement is governed by the Employment Arbitration Rules of the AAA, and states that a copy of the Rules may be obtained from Red Robin's human resources department or www.adr.org. Davie Decl., Ex. A ¶ E. The Court finds that the terms of the AAA rules are sufficiently clear and unambiguous to incorporate these rules into the contract by reference.

    b.  Substantive Unconscionability

Even if Vigueras had established procedural unconscionability, the defense would fail for the additional reason that Vigueras fails to establish substantive unconscionability. See Najd, 294 F.3d at 1108 ("Under California law, an agreement is unconscionable only if it is [both] procedurally and substantively unconscionable.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. | | |

Under California law,[3] arbitration agreements arising out of the employment relationship must meet certain minimum requirements to be enforceable, "including neutrality of the arbitrator, the provision of adequate discovery, a written decision that will permit a limited form of judicial review, and limitations on the costs of arbitration." Armendariz, 24 Cal.4th at 91. Here, the Arbitration Agreement meets the Armendariz requirements. It provides for the selection of a "neutral arbitrator," has no provisions limiting available discovery, requires that the arbitrator issue a written award and decision, contains no limitations of remedies, and requires that Red Robin "pay the arbitration fees and costs" of arbitration, even if the arbitration was initiated by an employee. Davie Decl., Ex. A ¶ E.

Moreover, Vigueras presents no arguments regarding substantive unconscionability in his opposition brief, and does not respond to Red Robin's arguments regarding the Arbitration Agreement's satisfaction of the Armendariz requirements. See Opp'n, Docket No. 61.

Accordingly, the Court finds that the Arbitration Agreement is neither procedurally nor substantively unconscionable.

    2.    <u>Notice to Those with Pending Opt Out as of Lawsuit Filing</u>

Vigueras raises only one argument other than unconscionability as to the decertification of employees who signed the Arbitration Agreement before the instant action was filed on July 14, 2017. Vigueras argues that decertification should be denied as to the portion of the Arbitration Subclass whose 30-day opt-out period had not expired as of July 14, 2017 because Red Robin failed to notify those employees that they still had a chance to opt out of the Arbitration Agreement and into the putative class of the instant lawsuit. Opp'n, Docket No. 61 at 5–6. Vigueras further argues that this failure to notify was "substantively unconscionable" and a breach of the implied covenant of good faith and fair dealing. Id. at 6.

Red Robin argues that it did not conceal the lawsuit from any employee, and that it was under no legal obligation to inform its thousands of employees of every lawsuit filed against the company, including the instant action. Reply, Docket No. 62 at 11. The Court agrees. Vigueras

---

[3] Although the Arbitration Agreement is governed by the FAA, the California Arbitration Act ("CAA") mirrors the FAA in that it requires courts to compel arbitration of any controversy covered by the terms of a valid written arbitration agreement, and California courts also recognize a strong public policy in favor of enforcing arbitration agreements. Cal. Code Civ. Proc. § 1281.2; Moncharsh v. Heily & Blasé, 3 Cal.4th 1, 9 (1992). Because of the similarity between the CAA and the FAA, and because unconscionability is evaluated under state law, the Court finds the Armendariz requirements relevant to the unconscionability of the Arbitration Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. | | |

fails to cite any authority imposing a duty on employers to notify all employees with unexpired arbitration opt-out periods of all class action lawsuits in which the employees could participate if they choose to opt out.

It its order granting class certification, the Court cited to Balansanyan v. Nordstrom, Inc., Nos. 11-cv-2609-JM-WMC, 10-cv-2671-JM-WMC, 2012 WL 760566, at *3–4 (S.D. Cal. Mar. 8, 2012), for the proposition that "arbitration agreements introduced during the pendency of class litigation where the defendant did not alert class members of the litigation, or alert members that an opt-out was available, may be improper class communications, and thus unenforceable."  Order, Docket No. 48 at 19.  However, Red Robin points out that Balansanyan is distinguishable because it concerned an update to an old arbitration agreement distributed to existing employees, not an unchanged agreement distributed to newly hired employees during their new hire orientation.  See Balansanyan, 2012 WL 760566, at *3–4.  Moreover, evidence in Balansanyan indicated that the way the arbitration agreement was rolled out was "unacceptably confusing" because human resources personnel had been instructed to advise employees that the "acknowledgement of receipt" the employees were required to sign simply reflected an "updated DR Program," "not an Agreement," and that "regardless of whether [employees] sign, the updated Program applies to their employment effective immediately."  Id. at *2.  Here, there is no such evidence of potential confusion, as the Agreement was presented to newly hired employees as a standalone agreement with several boldfaced paragraphs unequivocally alerting employees that it was a mutual agreement to arbitrate.  See Davie Decl., Ex. A at 1, 2, 4.  Finally, Vigueras does not present any arguments regarding Balansanyan in its opposition brief.  Therefore, because the instant case is distinguishable from Balansanyan, Red Robin's failure to alert already-employed potential class members that an opt-out was available when this action was filed did not constitute unenforceable and improper class communications precluding the enforcement of the Arbitration Agreement.  Accordingly, Vigueras fails to establish that the Arbitration Agreement should not be enforced as to the Arbitration Subclass members whose 30-day opt-out period had not yet expired as of July 14, 2017.

In sum, because Vigueras has not shown that the Arbitration Agreement was unconscionable or that Red Robin was under a legal duty to notify employees whose opt-out period had not expired that the instant lawsuit had been filed, the Court grants decertification as to the 2,612 Arbitration Subclass members who signed the Arbitration Agreement prior to the filing of this action on July 17, 2017.

**C.    The Court Denies Decertification as to the 799 Arbitration Subclass Members Who Signed the Agreement Between the Filing of the Original Complaint on July 17, 2017 and the Filing of the First Amended Complaint on November 1, 2017.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 17-01422 JVS (DFMx)                    Date   February 21, 2019

Title   <u>Manuel Vigueras v. Red Robin International, Inc. et, al.</u>

    The Court finds that the Arbitration Agreement does not apply to Arbitration Subclass members who signed the Agreement after this action was initiated, but before the FAC was filed on November 1, 2017. The Arbitration Agreement provides, in relevant part:

> This Agreement does apply . . . to any existing lawsuit that is amended after the date you received this Agreement that, <u>though such</u> <u>amendment</u>, would include you within its scope, including any amended multi-party, class, collective, or representative actions.

Davie Decl., Ex. A ¶ B (emphasis added).

    The parties dispute the proper interpretation of the phrase "though such amendment." Vigueras argues that the word "though" should actually state "through," <u>i.e.</u>, that the Agreement applies only if the employees were included within the class scope as a result of an amended pleading. Opp'n, Docket No. 61 at 5. Because the FAC did not change the scope of the putative class in this action, Vigueras argues that the Agreement does not apply to employees who signed between the filing of the complaint and the FAC because they were not brought within the scope of the class "as a result of" the amendment. <u>Id.</u> Red Robin argues that the Agreement properly uses the word "though," <u>i.e.</u>, that the Agreement applies despite the fact that an amended pleading included the employees within its scope. Reply, Docket No. 62 at 10–11.

    The Court interprets the language of the Arbitration Agreement to bar the following categories of employees from participating in covered class actions: (1) those who signed the Arbitration Agreement before the class action was filed; and (2) those who signed the Arbitration Agreement after the class action was filed, but before a subsequent amendment expands the lawsuit to bring the employee within its scope. Here, as Vigueras points out, the scope of the putative class in this action did not change between the filing of the original complaint and the filing of the FAC. <u>Compare</u> Compl., Docket No. 1-1 ¶¶ 42, 43, <u>with</u> FAC, Docket No. 13 ¶¶ 41, 42. Thus, the Arbitration Subclass members at issue (1) did not sign the Arbitration Agreement before this action was filed, and (2) were not brought within the scope of this action by the FAC. Put another way, the 799 Arbitration Subclass members who signed the Arbitration Agreement between the filing of the complaint and the FAC are not excluded from participating in the instant class action because they do not fall into either of the two above categories of employees covered by the Arbitration Agreement.

    Accordingly, the Court denies decertification as to the 799 Arbitration Subclass members who signed the Arbitration Agreement between the filing of the original complaint (July 14, 2017) and the filing of the FAC (November 1, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-01422 JVS (DFMx)  Date  February 21, 2019

Title  Manuel Vigueras v. Red Robin International, Inc. et, al.

**D.  The Court Denies Decertification as to the 2,329 Arbitration Subclass Members Who Signed the Agreement After the First Amended Complaint Was Filed On November 1, 2017.**

The Court finds that the Arbitration Agreement does not apply to the 2,329 employees who signed the Agreement after the FAC was filed on November 1, 2017. Such employees can participate in this class action based on the plain language of the Agreement. The Agreement states, in relevant part:

> Certain claims are not covered by this Agreement: . . . (vii) any class, collective or representative action filed in state or federal court prior to the date you received this Agreement where you are a current or putative member of such pending class, collective or representative action.

Davie Decl., Ex. A ¶ B. The plain language of this provision demonstrates that the Arbitration Agreement does not cover employees who (1) received the Agreement after the filing of this action, and (2) were current or putative members of the pending class action.

Red Robin argues that the "not covered" language is not unambiguous, and excludes from coverage members of a pending class action only where the class has been certified.[4] Reply, Docket No. 62 at 12–13. This argument is rejected. By its plain language, the Arbitration Agreement does not cover class actions filed before an employee signs the Arbitration Agreement where the employee is a "current or putative member" of the class action. Davie Decl., Ex. A ¶ B. There would be no need for the word "putative" if the provision was intended to apply only to certified class actions. Therefore, the Court finds that the "not covered" provision excludes employees who signed the Arbitration Agreement after the FAC was filed from the scope of the Agreement. Such employees are thus not required to arbitrate the instant class action on an individual basis based on the plain language of the Arbitration Agreement. See Epic Systems Corp. v. Lewis, 138 S. Ct. 1612, 1621 (2018) (FAA requires "rigorous" enforcement of arbitration agreements "according to their terms") (citation and quotation marks omitted).

Accordingly, the Court denies decertification as to the 2,329 Arbitration Subclass members who signed the Arbitration Agreement after the FAC was filed on November 1, 2017.

---

[4] As noted previously, class certification was granted in this action on October 23, 2018. Order, Docket No. 48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01422 JVS (DFMx) | Date | February 21, 2019 |
| Title | Manuel Vigueras v. Red Robin International, Inc. et, al. | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** and **denies in part** the motion. The Court **grants** decertification as to the 2,612 Arbitration Subclass members who signed the Arbitration Agreement before this action was filed on July 14, 2017. The Court **denies** decertification as to the 3,128 Arbitration Subclass members who signed the Arbitration Agreement after this action was filed on July 14, 2017.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |