James R. Hawkins (SBN 192925)
    james@jameshawkinsaplc.com
Malte L. L. Farneas (SBN 222608)
    malte@jameshawkinsaplc.com
Christina M. Lucio (SBN 253677)
    christina@jameshawkinsaplc.com
Mitchell J. Murray (SBN 285691)
    mitchell@jameshawkinsaplc.com
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiffs Manuel Vigueras and Genny Vasquez,
on behalf of themselves and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN

| | |
|---|---|
| MANUEL VIGUERAS, on behalf of themselves individually and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>RED ROBIN INTERNATIONAL, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS RED ROBIN BURGER SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.  8:17-cv-1422-JVS<br><br>(Related to Orange Cty. Sup. Case No. 30-2017-00945592-CU-OE-CXC)<br><br>Assigned for All Purposes to:<br>Hon. James V. Selna<br><br>**AMENDED CONSOLIDATED**<br><br>**CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay All Wages Owed, Including Overtime<br>2) Failure to Provide Lawful Meal Periods<br>3) Failure to Authorize and Permit Lawful Rest Periods<br>4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions |

- 1 -

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

| | |
|---|---|
| MANUEL VIGUERAS and GENNY VASQUEZ, on behalf of themselves individually and in their representative capacity, <br><br> Plaintiffs, <br><br> vs. <br><br> RED ROBIN INTERNATIONAL, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS RED ROBIN BURGER SPIRITS EMPORIUMS, a Nevada corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | 5) Failure to Reimburse Necessary Expenses <br> 6) Violations of the Unfair Competition Law <br> 7) Civil Penalties Under the Private Attorneys General Act (Labor Code § 2698, et seq.) <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs MANUEL VIGUERAS ("Vigueras") and GENNY VASQUEZ ("Vasquez") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, complain and allege as follows:

## I.

## INTRODUCTION

1.  The purpose of this Amended Consolidated Complaint is to combine herein the allegations, violations, and causes of action set forth in the operative complaint in the civil action pending in the United States Court for the Central District of California, titled *Manuel Vigueras v. Red Robin International Inc.*, Case No. 8:17-cv-1422-JVS ("Vigueras I") and the operative complaint in the civil action pending in the Superior Court of the State of California, County of Orange, titled *Manuel Vigueras, et al. v. Red Robin International, Inc.*, Case No. 30-2017-00945592-CU-OE-CXC ("Vigueras II")

2.  This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiffs and all hourly, non-exempt employees who are employed by, or

were formerly employed by, RED ROBIN INTERNATIONAL, INC., a Nevada corporation (hereinafter "Red Robin" or "Defendant"), in positions in Defendant's restaurants within the State of California during the relevant time period of July 14, 2013 to October 23, 2018.

3.   This is also a representative action for recovery of penalties under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698 et seq. on behalf of all Red Robin Non-Exempt Employees during the statutory time frame.   PAGA permits "aggrieved employees" to bring a lawsuit as a representative action on behalf of themselves and all other current and former aggrieved employees, to recover civil penalties and address an employer's violations of the California Labor Code.

4.   The term "Class Members" refers to the members of the Certified Class in the Vigueras I action.

5.   The term "Non-Exempt Employees" refers to all hourly, non-exempt employees who are employed by, or were formerly employed by Red Robin in positions in Defendant's restaurants within the State of California during the relevant time period of July 14, 2013 to the date of judgment in this matter.

6.   During the liability period, as defined as the applicable statute of limitations for each and every cause of action contained herein, Defendant consistently maintained and enforced against Red Robin Non-Exempt Employees unlawful practices and policies in violation of California state wage and hour laws as detailed more extensively herein.

7.   From at least four (4) years prior to the filing of this complaint and continuing to the present, Defendant has maintained a consistent policy of: (a) failing to provide lawful meal and rest breaks, and failing to pay employees one (1) hour of pay at the employee's regular rate of compensation for each workday that a legally compliant meal or rest period is or was not lawfully provided, (b) failing to reimburse employees for necessary expenditures; (c) failing to pay for all hours

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

worked; (d) failing to provide accurate itemized wage statements; and (e) failing to keep accurate time keeping records.

8.  Plaintiffs, on behalf of themselves and all Non-Exempt Employees, brings this action pursuant to Labor Code sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1195, 1197, 1198, 2698, et seq., 2802, the applicable IWC California Wage Orders, and California Code of Regulations, Title 8, section 11000 *et. seq.*, seeking unpaid wages, unpaid meal period and rest period compensation, unreimbursed expenses, penalties, and reasonable attorneys' fees and costs.

9.  Plaintiffs, on behalf of themselves and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendant for their unlawful conduct as specified herein.

## II.

## PARTIES

### A.   Plaintiffs, the Class, and the Aggrieved Employees

10. Plaintiff Manuel Vigueras is and was at all relevant times a resident of Orange County, California.  During the relevant times addressed herein, Plaintiff was employed by Defendant as an hourly, non-exempt restaurant employee in the City of Irvine, California.  Plaintiff began his employment with Defendant at the Irvine Spectrum location on or about February 2014.  At all relevant times, Plaintiff was employed by Defendant in various hourly, non-exempt restaurant positions, including as a server and as a bartender.

11. Plaintiff Genny Vasquez was at all relevant times a resident of Orange County, California.  During the relevant times addressed herein, Plaintiff Vasquez was employed by Defendant as an hourly, non-exempt restaurant employee in the City of Irvine, California.  Plaintiff began her employment with Defendant at the Irvine Spectrum location on or about September 2008.  Her employment ended in or about late 2017/early 2018. At all relevant times, Plaintiff was employed by

Defendant in various hourly, non-exempt positions, including as a waitress and as a bartender.

12. As Red Robin employees, Plaintiffs and the Non-Exempt Employees were regularly required to:

      (a) work without compensation of all hours worked, including without limitation for time spent maintaining uniforms;

      (b) work without being permitted or authorized the required, lawful, timely, paid rest periods;

      (c) work without being compensated one (1) hour of pay at the regular rate of compensation for each workday that a lawful rest period was not provided; and

      (d) work in excess of five (5) hours per day without being provided a lawful, timely meal period;

      (e) work without being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was late, interrupted and/or not provided;

      (f) incur necessary expenses, including for pens, paper, uniforms and their maintenance, without reimbursement.

13. Defendant also failed to provide accurate itemized wage statements to Plaintiffs and members of the Class.

**B.    Defendants**

14. Defendant Red Robin is a Nevada corporation, which maintains a chain of casual dining restaurants throughout California and the United States.  It is headquartered in Colorado. As relevant to this Complaint, Red Robin owns and operates numerous restaurants located in California including in Orange County.

15. As pertinent hereto, Defendant employs and has employed numerous non-exempt restaurant employees, however titled, in its locations in California, including without limitation at the restaurant at the Irvine Spectrum in Irvine,

1  California.  Such non-exempt restaurant employees include, without limitation,
2  servers, hosts, waiters, cooks, kitchen staff, bussers, and bartenders.

3      16. The true names and capacities of Defendants, whether individual, corporate,
4  associate, or otherwise, sued herein as DOES 1 through 100, inclusive, are
5  currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious
6  names under Code of Civil Procedure section 474.  Plaintiffs are informed and
7  believe, and based thereon alleges that each of the Defendants designated herein as
8  a DOE is legally responsible in some manner for the unlawful acts referred to
9  herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the
10  true names and capacities of the Defendants designated hereinafter as DOES when
11  such identities become known.

12     17. Plaintiffs are informed and believe, and based thereon alleges, that
13  Defendant acted in all respects pertinent to this action as the agent of the other
14  Defendants, carried out a joint scheme, business plan or policy in all respects
15  pertinent hereto, and the acts of each Defendant are legally attributable to the other
16  Defendants.

17  ### III.

18  ### JURISDICTION AND VENUE

19     18. This Court has subject matter jurisdiction over Plaintiffs' complaint, as
20  Defendant has removed this action to the Central District of California, Southern
21  Division on diversity grounds pursuant to 28 USC 1332, 1441, and 1446.

22     19. Venue is proper in the Central District of California because the case was
23  removed from the Superior Court of Orange County.  In addition, pursuant to 28
24  U.S.C. § 1391, venue is proper because Defendant is a corporation that (i) is
25  subject to personal jurisdiction in this District, and, therefore, resides in this
26  District and/or (ii) committed the wrongful conduct against certain members of the
27  Class in this District.

28  ### IV.

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

20. On July 14, 2017, Plaintiff Vigueras gave written notice by online submission to the LWDA and by certified mail to Defendant of Defendants' violations of numerous provisions of the California Labor Code and the IWC Wage Orders as alleged in this complaint. All fees were paid as required by statute. A copy of the letter sent to the LWDA with enclosure is attached hereto as **Exhibit A**.

21. Plaintiff Vigueras submitted a supplemental notice to the LWDA on September 21, 2017.  A copy of the letter sent to the LWDA with enclosure is attached hereto as **Exhibit B**.

22. The LWDA did not provide notice of intention to investigate Red Robin's alleged violations within 65 calendar days of the July 14, 2017 notice.  Labor Code section 2699.3(a)(2)A).  Thus, this action by Mr. Vigueras is timely.

23. On October 26, 2017, Plaintiff Vasquez gave written notice by online submission to the LWDA and by certified mail to Defendant of Defendants' violations of numerous provisions of the California Labor Code and the IWC Wage Orders as alleged in this complaint. All fees were paid as required by statute. A copy of the letter sent to the LWDA with enclosure is attached hereto as **Exhibit C**.

24. The LWDA did not provide notice of intention to investigate Red Robin's alleged violations within 65 calendar days of the October 26, 2017 notice.  Labor Code section 2699.3(a)(2)A).  Thus, this action by Ms. Vasquez is timely.

25. Plaintiff Vasquez submitted a supplemental notice to the LWDA on December 1, 2017.  A copy of the letter sent to the LWDA is attached hereto as **Exhibit D**.

### V.

## FACTUAL BACKGROUND

26. Defendants operate and, at all times during the liability period, have

conducted business in the city of Irvine located in Orange County, and have maintained hundreds of casual dining restaurants within California, throughout the nation and worldwide.

27. Upon information and belief, Defendant has operated approximately 70 restaurants during the relevant time period in California.

28. Defendants have employed numerous hourly, non-exempt restaurant employees, however titled, at its locations in California, including without limitation at the restaurant at the Irvine Spectrum in Irvine, California.

29. Plaintiffs and Red Robin Non-Exempt Employees are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.  They are subject to the protections of IWC Wage Order No. 5-2001 and the Labor Code.

30. During the liability period, Plaintiffs and Red Robin Non-Exempt Employees were employed by Defendants throughout California as and were paid hourly wages on a non-exempt basis.

31. Plaintiffs and the Red Robin Non-Exempt Employees worked in various positions at the restaurant locations, including without limitation, as servers, hosts, waiters, cooks, kitchen staff, bussers, and bartenders.

32. Plaintiffs is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

33. Plaintiffs and the Red Robin Non-Exempt Employees were regularly required to work hours off-the-clock for which they were not paid, including without limitation for time spent laundering and maintaining Defendant-required work uniforms.

34. Defendant knew or should have known that Plaintiffs and the Non-Exempt

Employees were working off the clock without being compensated for such time.

35. Plaintiffs and the Non-Exempt Employees were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

36. As a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Plaintiffs and the Red Robin Non-Exempt Employees were frequently not provided with a timely, lawful, uninterrupted thirty (30) minute meal period when the employee's work shift exceeded five (5) hours and were not provided with a second timely, lawful thirty (30) minute meal period when the employee's work shift exceeded ten (10) hours.

37. On the occasions that meal periods were provided to Class Members, the meal periods were frequently late or short.

38. In addition, Plaintiffs and, upon information and belief, Non-Exempt Employees were expected to sign waivers of meal breaks on shifts of up to 6 hours. Supervisors encouraged and expected Non-Exempt Employees to sign such waivers, and pressured Non-Exempt Employees to sign the waivers even when the subject Non-Exempt Employees wanted to take a statutorily required meal period, and when such meal breaks could not be legally waived.  Thus, such waivers were not lawful and were not consensual.

39. Plaintiffs and Red Robin Non-Exempt Employees were also not compensated an additional hour of pay at the employee's regular rate of pay when such meal periods were not provided in violation of Labor Code §§ 226.7 and 512, and the applicable Industrial Welfare Commission Wage Orders.

40. In addition, during the relevant time frame, Plaintiffs and Red Robin Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 5-2001.

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

41. Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiffs and Non-Exempt Employees to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.

42. Moreover, upon information and belief, employees were required to remain on premises during rest periods. Defendant's exercise of control over Plaintiff and Non-Exempt Employees during periods of rest is inconsistent with the mandates of the Labor Code and Wage Order, as set forth in *Augustus v. ABM*, 2 Cal. 5th 257, 261 (2016).

43. Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiffs, and on information and belief, did not pay Non-Exempt Employees one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

44. In addition, Plaintiffs and the Non-Exempt Employees were required to incur expenses to purchase and maintain uniforms required for their work at Defendants' restaurants, and to purchase pens and paper necessary to perform their job duties.

45. Moreover, Defendants did not reimburse the expenses incurred by Plaintiffs and, upon information and belief, those incurred by Non-Exempt Employees. Such expenses include without limitation those incurred to purchase, launder, and maintain uniforms required for work at the restaurants.

46. Defendants also did not pay Plaintiffs and the Non-Exempt Employees to maintain and launder their uniforms. As a consequence of Defendants failure to pay to maintain and launder such uniforms, Defendants did not fully compensate Plaintiffs and Red Robin Non-Exempt Employees for hourly wages earned during the liability period.

47. Defendants also failed to provide accurate, lawful itemized wage statements

to Plaintiffs and the Non-Exempt Employees in part because of the above specified violations.  Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Red Robin Non-exempt Employees, including Plaintiffs, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders. Plaintiffs and the Non-Exempt Employees are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(e).

48.     In addition, Defendants willfully failed to pay on time to Plaintiffs and other Non-Exempt Employees the legal minimum and regular wages they earned, and failed to pay one hour wages in lieu of required, but not lawfully provided, meal and rest periods, twice per calendar month as required by section 204 of the Labor Code.

49. In part as a result of the above specified violations, Defendants have also failed to pay all wages owed at the time of separation as required by Labor Code sections 201-203.  All Non-Exempt Employees, including Plaintiff Vasquez, who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid straight time wages, minimum wage, overtime compensation and compensation for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling them to civil penalties under PAGA for violations of Labor Code sections 201-203.

50. On information and belief, Defendants knew or should have known that it is improper to commit the following unlawful acts:

(a)   requiring Red Robin Non-Exempt Employees to work in excess of five hours and ten hours per day, respectively, without being provided a lawful, timely uninterrupted thirty (30) minute meal period and/or a second lawful, timely

uninterrupted thirty (30) minute meal period;

(b)   failing to compensate employees with one (1) hour of pay at the regular rate of compensation for each workday that a lawful, timely first or second meal period was not provided;

(c)   failing to authorize and permit employees to take a paid net ten-minute rest period for every four hours worked or major fraction thereof on shifts exceeding 3.5 hours;

(d)   failing to compensate employees with one (1) hour of pay at the regular rate of compensation for each workday that a lawful, timely rest period was not provided;

(e)   failing to pay employees for all hours worked, including without limitation for time off-the-clock work and time spent laundering and maintaining uniforms;

(f)   failing to reimburse employees for necessary expenses; and

(g)   failing to provide accurate itemized, legally compliant wage statements to employees.

51. Plaintiffs is informed and believes that Defendants' violation of the Labor Code and the IWC wage orders as specified herein was willful and deliberate.

52. In addition, Defendants willfully failed to pay on time to Plaintiffs and other Non-Exempt Employees the legal minimum and regular wages they earned, and failed to pay an additional hour of compensation at the employee's regular rate in lieu of required, but not lawfully provided, meal and rest periods, when each such employee quit or was discharged.

## IV.
## CLASS ACTION ALLEGATIONS

53.   Plaintiffs brings his claims for relief to redress and remedy Defendants' violations of California Labor Code pursuant to Rule 23 of the Federal Rules of

Civil Procedure.

54. Plaintiffs seek to represent the following class of Red Robin employees:

All persons who are employed or have been employed by Defendant as non-exempt, hourly employees, however titled, in Defendant's restaurants in the state of California during the period of July 14, 2013 through October 23, 2018.

55. Plaintiffs also seek to represent Subclasses composed of and defined as follows:

All Class Members who were not paid at least minimum wage for each hour worked. (collectively "Minimum Wage Subclass")

All Class Members who worked more than five (5) hours in a workday, and were not provided with a lawful, timely uninterrupted thirty (30) minute meal period, or compensation in lieu thereof (collectively "First Meal Period Subclass");

All Class Members who worked more than ten (10) hours in a workday, and were not provided with a second lawful, timely uninterrupted net thirty (30) minute meal period, or compensation in lieu thereof (collectively "Second Meal Period Subclass");

All Class Members who worked more than three and one-half (3 ½) hours in a workday and were not permitted or authorized to take one ten-minute rest period for every four hours worked or major fraction thereof (collectively "Rest Period Subclass");

All Class Members who worked more than ten (10) hours and did not receive third net ten-minute rest period (hereinafter collectively referred to as the "Third Rest Period Subclass");

All Class Members who were not paid for time spent laundering and maintaining uniforms. (collectively "Uniform Unpaid Wage Subclass");

All Class Members who were not reimbursed for necessary expenses incurred. (collectively "Indemnification Subclass");

All Class Members who were not provided accurate, itemized wage statements (hereinafter collectively referred to as the "Wage Statement Subclass"); and

- 13 -

All Class Members who were employed by Defendants and subject to Defendants' Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practices Subclass").

56. Plaintiffs reserve the right to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues.

57. As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

A. **Numerosity**

58.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs is informed and believes that the class consists of thousands of employees during the relevant time period who are or have been affected by Defendants' unlawful practices as alleged herein.  Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiffs alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

59.    The proposed class is easily ascertainable. The number and identity of the class members are determinable from Red Robin's payroll records and time records for each class member.

B. **Commonality**

60. There are questions of law and fact  involving and affecting the Class Members.  The questions of law and fact common to the class members predominate over any questions affecting only individual Class Members,

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

including but not limited to the following:

    a. Whether Defendants had a policy and practice of providing, lawful timely meal periods in accordance with the requirements of Labor Code § 512, as well as the applicable IWC wage order;

    b. Whether the meal period waivers required by Defendants are lawful;

    c. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 on each instance that a meal period was not timely, lawfully provided;

    d. Whether Defendants paid the premium pay owed for non-compliant meal and rest periods at the employee's regular rate;

    e. Whether Defendants authorized and permitted all requisite net ten-minute rest periods for every four hours worked or major fraction thereof – one for shifts in excess of 3.5 hours; two for shifts in excess of six hours; and three for shifts in excess of ten hours;

    f. Whether Defendants authorized and permitted lawful, paid net ten-minute rest periods as required by law;

    g. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 on each instance that a rest period was not lawfully authorized and permitted;

    h. Whether Defendants had a policy and practice of requiring employees to perform work off the clock;

    i. Whether Defendants' requirement that employees launder and maintain uniforms without compensation is lawful;

    j. Whether Defendants reimbursed employees for necessary expenses;

    k. Whether Defendants maintained accurate records as required by the IWC Wage Order and Labor Code sections 226 and 1174;

    l. Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§ 17200, et seq.;

- 15 -

m. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law;

n. Whether Defendants violated the Labor Code and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Class Members' earned wages, rates used to calculate such wages, work periods, meal periods, deductions and proper overtime calculations;

o. Whether Defendants violated sections 226 of the Labor Code and applicable IWC Wage Orders by failing to provide accurate, itemized wage statements; and

p. Whether Defendants conduct was willful.

**C. <u>Typicality</u>**

61. The claims of Plaintiffs are typical of the claims which could be alleged by members of the proposed class, and the relief sought by Plaintiffs is typical of the relief which would be sought by members of the proposed class in individual actions.  Plaintiffs is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest. All members of the Class and/or Subclasses were subject to the same policies and practices of Red Robin, as alleged herein.  All members of the Class and/or Subclasses have been similarly harmed by Defendants' denial of lawful meal and rest periods, failure to reimburse for necessary expenses; failure to pay for all hours worked; and failure to provide accurate itemized wage statements. Such violations are due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.  Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

**D. <u>Adequacy of Representation</u>**

62. Plaintiffs is qualified to, and will fairly and adequately protect the interests

- 16 -

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiffs has retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.  Plaintiffs' attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

**E. <u>Superiority of Class Action</u>**

63.     The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.  Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices, including failing to compensate Class Members for all earned wages, including premium wages, overtime and minimum wage earned;

denying Class Members lawful meal and rest periods; failing to pay Class Members an additional hour of pay at the regular rate for non-compliant meal and rest periods;  failing to reimburse necessary expenses; and failing to provide accurate itemized wage statements.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

64.  <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.  Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## V.

## <u>CAUSES OF ACTION</u>

### First Cause of Action

### FAILURE TO PAY ALL WAGES OWED

(<u>By Plaintiffs and Class Against All Defendants</u>)

65.Plaintiffs incorporate by reference each and every paragraph above, and reallege each and every allegation contained above as though fully set forth herein.

66. The Labor Code and the IWC Wage Orders require that employees are paid at least minimum wage for all hours worked.

67. At all times relevant, Labor Code §1194 provides that any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

68. At all times relevant, Labor Code §1194.2 provides that in an action under section 1194 to recover unpaid minimum wages, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

69. At all times, the law required that employees be paid all wages they earn.

70. During the liability period, Plaintiffs and the Class were required by Defendants to work off-the-clock and were not paid for all the off-the-clock time they worked, including without limitation time worked to launder and maintain their uniforms.

71. Defendants knew or should have known that Plaintiffs and the Class Members were working hours off-the-clock for which they were legally required to be paid.

72. Plaintiffs and the Class Members performed such work for Defendants but were not compensated for such time.

73. To the extent such hours worked constitute overtime because the hours worked in a day are more than 8 hours or the hours worked in a week are over 40 hours, or constitute double time as defined by Labor Code 510 and the IWC Wage Order, Plaintiffs is entitled to recover such uncompensated time.

74. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

75. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  Accordingly, Defendants owe Plaintiffs and Class Members all earned regular and overtime wages.

76. Upon information and belief, Defendants knew or should have known Plaintiffs and the Class Members were undercompensated.   Such failure to fully compensate employees was willful.

77. Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of wages owed violates the provisions of Labor Code §510, §1194, §1198, and the applicable IWC wage orders and is therefore unlawful.

78. Pursuant to statute, including Labor Code §1194 and §1194.2, Plaintiffs and the Class Members are entitled to recover their unpaid compensation, as well as interest, costs, liquidated damages, and attorneys' fees.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE LAWFUL MEAL PERIODS
### By Plaintiffs and Class Against All Defendants

79. Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

80. Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

81. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiffs and Class Members, timely, uninterrupted, and lawful first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

82. Such meal periods were frequently missed, untimely, or otherwise not

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

lawfully provided as a consequence of Defendants' work demands, scheduling policies, and other policies and practices.

83. In addition, on information and belief, Plaintiffs and Class Members did not consent to waiving their rights to such meal periods.

84. Upon information and belief, Plaintiffs and the Class Members were not paid one hour of pay at their regular rate of compensation each day that a meal period was not lawfully provided.

85. In addition, Plaintiffs and the Class members were also not provided timely, lawful second meal periods on days when shifts exceeded ten hours and twelve hours, nor were they provided premium wages in lieu of a second meal period.  On information and belief, Plaintiffs and Class Members did not waive their rights to a second meal period on shifts in excess of ten hours.

86. As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial.

87. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

## THIRD CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS

### By Plaintiffs and Class Against All Defendants

88. Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

89. Pursuant to the IWC wage orders applicable to Plaintiffs' and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.… Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

90. Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

91. The law also requires that employees not be on-call during such rest periods and that all control over employees be relinquished during such breaks.

92. Defendants were required to authorize and permit employees such as Plaintiffs and Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

93. Despite said requirements of the IWC wage orders applicable to Plaintiffs' and Class Members' employment with Defendants, Defendants failed and refused to authorize and permit Plaintiffs and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

94. Defendants created a working environment in which Class Members were neither authorized nor permitted to take their lawful rest periods due to Defendants' shift scheduling, work demands, and job requirements placed upon them by Defendants.

95. In the limited instances when Plaintiffs and the Class Members were able to take breaks, they were frequently rushed back to work when it became busy and were not provided the full net ten minute rest period.

96. In addition, Plaintiffs and Class Members were not allowed to leave the premises during rest breaks.

97. Defendants did not pay Plaintiffs one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices.

98. By their failure to authorize and permit  Plaintiffs and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiffs and the other Class Members work(ed) work periods in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

99. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

## FOURTH CAUSE OF ACTION
## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
### By Plaintiffs and Wage Statement Subclass Against Defendants

100.     Plaintiffs repeat and incorporate herein by reference each and every allegation set forth above, as though fully set forth herein.

101.     Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number,

(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

102.     Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay….".

103.     Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

104.     Under Labor Code section 226 and applicable IWC Wage Orders, the wage statements Defendants provide to employees must show all payments owed. Employers such as Defendants must also accurately report total hours worked by employees such as Plaintiffs and Class Members, and all applicable hourly rates in effect during the hours worked, along with the total hours worked each day at each applicable hourly rate.  The wage statements Defendants provided to Plaintiffs and Class Members failed to comply with these requirements.

105.     Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement

which failed to accurately compensate Plaintiffs and Class Members for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all overtime hours worked, was an inaccurate wage statement.  On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiffs and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

106.     As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information.  In part, this violation is the consequence of the above-specified violations for failure to pay all wages owed and failure to pay meal and rest period premiums as required.

107.     As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants, did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

108.     Plaintiffs and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

109.	Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiffs and the Wage Statement Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

### Fifth Cause of Action

### Failure to Reimburse Necessary Expenditures

### (On Behalf of Plaintiffs and the Indemnification Subclass)

110.	Plaintiffs repeat and incorporate herein by reference each and every allegation set forth above, as though fully set forth herein.

111.	Labor Code § 2802 requires Defendants to indemnify Plaintiffs and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

112.	Plaintiffs, and on information and belief members of the Indemnification Class, were required to incur expenses in the performance of their assigned job duties.  For example, Plaintiffs and the Indemnification Class Members were required to incur numerous out of pocket expenses, including expenses for pens/other writing utensils, paper, uniforms, and to launder and maintain said uniforms.

113.	Upon information and belief, the Defendants did not reimburse Plaintiffs or the Plaintiffs' subclass for such expenses.

114.	As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs' Subclass Members have been deprived of un-reimbursed sums in

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

## Sixth Cause of Action

### *Violation of Unfair Competition Law*

Cal. Bus. & Prof. Code §§ 17200, et. seq.

(Plaintiffs and the Class <u>Against All Defendants</u>)

115.     Plaintiffs repeat and incorporate herein by reference each and every allegation set forth above, as though fully set forth herein.

116.     Defendants have engaged in unlawful activity prohibited by Business and Professions Code section 17200 *et. seq.* as specified herein above.  This unlawful conduct includes but is not limited to, the following:

i.      requiring work "off the clock," for example by not paying employees for their time worked to launder and maintain uniforms;

ii.     requiring employees to work without being provided lawful, timely meal and rest breaks as required by law and not being compensated one (1) hour of pay at an employee's regular rate of compensation for each workday the employee was not provided a required break period (up to two violations per day), all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

iii.    failing to pay non-exempt employees the required minimum wages, or overtime as the case may be, due and owed for each hour worked; and

iv.     failing to provide accurate itemized wage statements;

v.      failing to keep all records required by law; and

vi.     failing to reimburse necessary expenses.

117.     The actions of Defendants, as alleged within this Complaint, constitute false, unlawful, unfair, fraudulent and deceptive business practices

within the meaning of Business and Professions Code section 17200, *et. seq.*

118.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the Class they seek to represent.  Defendants should be enjoined from such activity and made to restore to Plaintiffs and the members of the Plaintiffs' Class their wrongfully withheld wages pursuant to Business and Professions Code section 17203. Plaintiffs is informed and believes, and thereon alleges, that Defendants have been unjustly enriched by requiring employees to assume Defendants' expenditures and losses, by failing to pay legal wages and/or other compensation for working through required break periods, and by failing to pay compensation for non-provided break periods to Plaintiffs and members of the Plaintiffs' Class.  Plaintiffs and the members of the Class are prejudiced by Defendants' unfair trade practices.

119.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all Class Members similarly situated, are entitled to restitution of all wages which have been unlawfully withheld from Plaintiffs and members of the Class as a result of Defendants' business acts and practices described herein.

**Seventh Cause of Action**

***Penalties Under the Private Attorneys General Act, Labor Code § 2698, et seq.***

(Against All Defendants)

120.    Plaintiffs repeat and incorporate herein by reference each and every allegation set forth above, as though fully set forth herein.

121.    Plaintiffs have properly complied with the administrative requirements of the PAGA statute.  As specified above, Plaintiffs provided timely written notice to the LWDA of the violations set forth herein.  See Exs. A-D.

122.    Plaintiffs are "aggrieved employees" as defined in Labor Code Section 2699(a), as they were employed by Defendants during the statutory period and suffered one or more of the Labor Code violations set forth herein.  They seek

to recover on behalf of themselves and all other current and former aggrieved employees (hourly, non-exempt restaurant employees in California) of Defendants the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

123.    Pursuant to Labor Code section 2699(a) Plaintiffs seek to recover civil penalties for which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint.

124.    Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court (2009) 46 Cal.4th 969. Class certification of the PAGA claims is not required.

125.    Plaintiffs seek civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

a.  Failure to pay all wages, including overtime in violation of Wage Order No. 5, Labor Code sections 510, 1194, and 1198.

b.  Failure to pay minimum wages in violation of Wage Order No. 5, Labor Code sections 1182.12, 1194 and 1197.

c.  Failure to timely pay wages in violation of Wage Order No. 5 and Labor Code section 204;

d.  Failure to provide accurate itemized wage statements to Non-Exempt Employees in violation of Labor Code sections 226(a), 1174, 1174.5, and Wage Order No. 5;

e.  Failure to provide lawful meal periods and/or failure to pay one hour of additional pay at the employee's regular rate of pay for missed, late or short meal periods in violation of Wage Order No. 5, Labor Code sections 226.7, and 512.

f.  Failure to authorize and permit lawful rest periods and/or failure to pay one hour of additional pay at the employee's regular rate of pay for rest periods that were not lawfully authorized and permitted in

1     violation of Wage Order No. 5, Labor Code sections 226.7, and 512.

2     g.   Failure to keep required timekeeping and payroll records in violation

3           of Wage Order No. 5, Labor Code sections 226(a), 1174, and 1174.5.

4     h.   Failure to reimburse necessary expenses, including expenses for

5           pens/writing utensils, paper, uniforms, and to launder and maintain

6           said uniforms, in violation of Labor Code section 2802.

7     i.   Failure to provide and maintain uniforms, in violation of Wage Order

8           No. 5, Section 9(A).

9     j.   Failure to timely pay all wages due and owing at the time of

10          separation in violation of Labor Code sections 201-202.

11

12                                      **VI.**

13                                   **<u>PRAYER</u>**

14    WHEREFORE, Plaintiffs prays judgment against Defendants, as follows:

15                            **Class Certification**

16    1.    That this action be certified as a class action;

17    2.    That Plaintiffs be appointed as the representative of the Class;

18    3.    That Plaintiffs be appointed as the representative of the Subclasses;

19    and

20    4.    That counsel for Plaintiffs shall be appointed as counsel for the Class

21    and Subclasses.

22                         **On the First Cause of Action**

23              (Failure to Pay All Wages Owed, Including Overtime)

24    1.    For unpaid wages, including all regular wages and overtime

25    compensation owed to Plaintiffs and Class Members;

26    2.    Penalties and liquidated damages according to statute, including those

27    available pursuant to Labor Code sections 204 and 1194.2;

28    3.    For pre-judgment interest on any unpaid regular wages and overtime

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

compensation due from the day that such amounts were due;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

(Failure to Provide Lawful Meal Periods)

1.    For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.    For reasonable attorneys' fees and costs pursuant to statute; and

3.    For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

(Failure to Authorize and Permit Lawful Rest Periods)

1.    For one (1) hour of premium pay for each day in which a required rest period was not properly permitted or authorized; and

2.    For reasonable attorneys' fees and costs pursuant to statute; and

3.    For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

1.    For statutory penalties, including penalties pursuant to Labor Code section 226; and

2.    For such other and further relief as the Court deems proper;

**On the Fifth Cause of Action**

(Failure to Reimburse Necessary Expenses)

1.  For unreimbursed sums;

2.  For interest for unreimbursed sums;

3.  For reasonable attorneys' fees and costs pursuant to statute; and

4.  For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

(Violation of Unfair Competition Law)

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1.     That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiffs and Class Members for their past failure to accurately pay wages over the last four (4) years in an amount according to proof;

2.     That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiffs and Class Members for the Defendants' past failure to pay premium wages for meal periods and rest periods that were not provided to Plaintiffs and Class Members over the last four (4) years in an amount according to proof;

3.     For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.     For reasonable attorneys' fees that Plaintiffs and Class Members are entitled to recover under Labor Code section 1194, and California Code of Civil Procedure section 1021.5;

5.     For costs of suit incurred herein that Plaintiffs and Class Members are entitled to recover under Labor Code section 1194; and

6.     For such other and further relief as the Court deems proper.

### On the Seventh Cause of Action

(Penalties Under Private Attorneys General Act)

1.     For penalties according to proof under pursuant to Labor Code section 2698 et seq., including Labor Code sections 210, 226.3, 1174.5, 1197.1, and 2699(a) and (f);

2.     .     For reasonable attorneys' fees and costs; and

3.     For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of the Class and Subclasses, respectfully demands a jury trial in this matter to the fullest extent authorized by law.

Dated:  June 9, 2020                    JAMES HAWKINS APLC

- 32 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Christina M. Lucio*

James R. Hawkins
Malte L. L. Farnaes
Christina M. Lucio
Mitchell J. Murray

Attorneys for Plaintiffs Manuel Vigueras
and Genny Vasquez, on behalf of
themselves and all others similarly situated

AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

# Exhibit A

# JAMES ✍ℋ HAWKINS

**A PROFESSIONAL LAW CORPORATION**

9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

July 14, 2017

**Via Online Filing (LWDA) and Certified Mail (Red Robin)**

California Labor and Workforce Development Agency
Attn: PAGA Administrator

Red Robin International, Inc.
Agent for Service of Process
Corporation Service Company Which Will Do Business In California
As CSC-- Lawyers Incorporating Service
2710 Gateway Oaks Dr. Ste 150N
Sacramento, CA 95833
Certified Mail Receipt: 7013 1090 0001 5857 6252

Re:    NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.

To Whom It May Concern:

PLEASE TAKE NOTICE that plaintiff Manuel Vigueras, on behalf of himself and all others similarly situated, gives NOTICE of his Complaint pursuant to civil action pursuant to Labor Code Sections 2698, *et seq*. Plaintiff hereby gives written notice by certified mail to the Labor and Workforce Development Agency, as well as Defendant Red Robin International, Inc. via its agent for service of process.

Plaintiff has attached his Complaint, as though fully set forth herewith, setting out the specific provisions of the Labor Code that Plaintiff alleges Defendants have violated, including the facts and relevant theories upon which Plaintiff claims such violations.

NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.
July 14, 2017
Page 2


  In addition to the claims and theories set forth in the Complaint, Plaintiff also alleges that beginning in or about April 2017, Defendant Red Robin violated and continues to violate PAGA and the IWC Wage Order 5-2001 by failing to provide uninterrupted, lawful timely meal breaks and lawful timely rest breaks regardless of whether premium payments under Labor Code section 226.7 are paid.

  <u>All Labor Code and related Complaint allegations pertain to all entities or individuals named in the Complaint, even if not so specified.</u>


  Please advise by certified mail within sixty-five (65) days of the post mark on this letter if the LWDA intends to investigate these claims.  Thank you, and please contact me if you have any questions or require additional information.


    Very Truly Yours,
    */s/ Christina M. Lucio*

    Christina M. Lucio, Esq.

Enclosure: Class Action Complaint

# Exhibit B

# JAMES 𝒥ℋ HAWKINS

### A PROFESSIONAL LAW CORPORATION

9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

September 21, 2017

**Via Online Filing (LWDA) and Certified Mail (Red Robin)**

California Labor and Workforce Development Agency
Attn: PAGA Administrator

Red Robin International, Inc.
Agent for Service of Process
Corporation Service Company Which Will Do Business In California
As CSC-- Lawyers Incorporating Service
2710 Gateway Oaks Dr. Ste 150N
Sacramento, CA 95833
Certified Mail Receipt:70160910000198806567

       Re:    NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.
               Supplement to LWDA-CM-268721-17

To Whom It May Concern:

      The purpose of this letter and submission is to supplement the notice previously provided to Red Robin and the LWDA on or about July 14, 2017. While it is plaintiff Manuel Vigueras's position that the claims stated in the attached complaint were previously submitted to the LWDA for review, Mr. Vigueras submits this supplemental correspondence out of an abundance of caution.

      PLEASE TAKE NOTICE that plaintiff Manuel Vigueras, on behalf of himself and all others similarly situated, gives NOTICE of his Complaint pursuant to civil action pursuant to Labor Code Sections 2698, *et seq.* Plaintiff hereby supplements the written notice previously provided to the LWDA and Red Robin by this correspondence transmitted by online filing to the Labor and Workforce Development Agency and by certified mail to Defendant Red Robin International, Inc. via its agent for service of process.

Plaintiff has attached his Complaint, as though fully set forth herewith, setting out the specific provisions of the Labor Code that Plaintiff alleges Defendants have violated, including the
NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.
September 21, 2017
Page 2

facts and relevant theories upon which Plaintiff claims such violations.

<u>All Labor Code and related Complaint allegations pertain to all entities or individuals named in the Complaint, even if not so specified.</u>

Please advise by certified mail within sixty-five (65) days of the post mark on this letter if the LWDA intends to investigate these claims.  Thank you, and please contact me if you have any questions or require additional information.

Very Truly Yours,

*/s/ Christina M. Lucio*

Christina M. Lucio, Esq.

Enclosure: PAGA Representative Action Complaint

# Exhibit C

# JAMES *JH* HAWKINS

### A PROFESSIONAL LAW CORPORATION

9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

October 26, 2017

**Via Online Filing (LWDA) and Certified Mail (Red Robin)**

California Labor and Workforce Development Agency
Attn: PAGA Administrator

Red Robin International, Inc.
Agent for Service of Process
Corporation Service Company Which Will Do Business In California
As CSC-- Lawyers Incorporating Service
2710 Gateway Oaks Dr. Ste. 150N
Sacramento, CA 95833
Certified Mail Receipt: 70160910000198806598

      Re:    NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.

To Whom It May Concern:

      PLEASE TAKE NOTICE that plaintiff Genny Vasquez, on behalf of herself and all others similarly situated, gives NOTICE of her Complaint pursuant to civil action pursuant to Labor Code Sections 2698, *et seq*. Plaintiff hereby gives written notice by certified mail to the Labor and Workforce Development Agency, as well as Defendant Red Robin International, Inc. via its agent for service of process.

      Plaintiff has attached his Complaint, as though fully set forth herewith, setting out the specific provisions of the Labor Code that Plaintiff alleges Defendants have violated, including the facts and relevant theories upon which Plaintiff claims such violations.

NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.
October 26, 2017
Page 2

 

<u>All Labor Code and related Complaint allegations pertain to all entities or individuals
named in the Complaint, even if not so specified.</u>

 

Please advise by certified mail within sixty-five (65) days of the post mark on this letter
if the LWDA intends to investigate these claims.  Thank you, and please contact me if you have
any questions or require additional information.


Very Truly Yours,

*/s/ Christina M. Lucio*

Christina M. Lucio, Esq.

Enclosure: PAGA Representative Action Complaint

# Exhibit D

# JAMES $\mathscr{JH}$ HAWKINS

### A PROFESSIONAL LAW CORPORATION

9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

December 1, 2017

**Via Online Filing (LWDA) and Certified Mail (Red Robin)**

California Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Ste 801
Oakland, CA 94612

Red Robin International, Inc.
c/o Fisher & Phillips LLP
    Sean Daley
    Lonnie Giamela
444 South Flower Street, Suite 1500
Los Angeles, CA 90071
Certified Mail Receipt: 7014 0150 0000 3777 6622

        Re:    NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.

Dear LWDA Representative,

        Plaintiff Genny Vasquez, on behalf of herself and all others similarly situated, submits this
supplemental notice to the LWDA in response to Defendant Red Robin's correspondence dated
November 22, 2017.  While Ms. Vasquez believes her initial letter providing notice to the LWDA
and Defendant of her claims, facts, and relevant theories complied with the requirements of the
PAGA statute and gave Defendant ample notice to cure the alleged violations (to the extent such
rights are afforded under the statute), Ms. Vasquez submits this supplemental notice out of an
abundance of caution and without prejudice to her rights under the initial notice.

        Plaintiff claims that Defendant Red Robin implemented legally non-compliant policies and
practices which led to Defendants' (1) failure to accurately calculate and pay  all wages owed,
including overtime wages; (2) failure to provide lawful meal periods, (3) failure to provide
compensation when lawful meal periods were not provided; (4) failure to authorize and permit
lawful rest periods; (5) failure to provide compensation when lawful rest periods were not provided;
(6) failure to timely pay all owed wages; (7) failure to indemnify employees for necessary expenses;
(8) failure to provide accurate, itemized wage statements; and (9) failure to keep accurate records.

NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.
December 1, 2017
Page 2

As specified in the previously submitted notice, the group of aggrieved employees that Plaintiff seeks to represent are hourly, non-exempt restaurant employees, however titled, who worked in Defendant's restaurants in the State of California.

Plaintiff was employed by Defendant as an hourly, non-exempt restaurant employee in the City of Irvine, California.  Plaintiff began her employment with Defendant at the Irvine Spectrum location on or about September 2008 and remains currently employed by the company.  At all relevant times, Plaintiff was employed by Defendant in various hourly, non-exempt restaurant positions, including as a waitress and as a bartender.

Plaintiff alleges that Defendants violated Labor Code sections 510, 1194, 1198 and the IWC Wage Order by failing to pay all wages owed including overtime.  The Wage Order and Labor Code section 1194 and 1197 provide that an employee must be paid at least minimum wage for each hour worked and overtime as applicable. Section 1182.12 sets the minimum wage.  Labor Code section 510 and IWC wage order 5-2001 provide that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day or more than eight (8) hours on the seventh day in a workweek is entitled to overtime compensation at a rate of twice the regular rate of pay.  Plaintiff alleges that during the relevant time, Plaintiff and the other aggrieved employees worked hours for which they were not compensated, including overtime, in violation of the law.  Such hours were worked off-the-clock to perform duties and functions either before or after shifts and include, without limitation, time spent for laundering and maintaining uniforms. Defendants did not pay Plaintiff and the aggrieved employees for the time required to maintain and launder their uniforms.  As a consequence of Defendants' failure to pay to maintain and launder such uniforms, Defendants did not fully compensate Plaintiff and the aggrieved employees for hourly wages earned during the relevant time.  As pertinent to the laundering and maintaining of uniforms, IWC Wage Order 5, Section 9(A) provides that "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer."

Plaintiff further alleges she and the aggrieved employees were regularly required to work shifts in excess of five hours without being provided a lawful first meal period.  Plaintiff claims that Defendants violated Labor Code sections 512 and 226.7, and IWC Wage Order 5-2001 for failing to provide timely, uninterrupted meal periods.  Pursuant to Labor Code section 512 and the Wage Order, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.  Here, Defendants failed to provide

NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.
December 1, 2017
Page 3

Plaintiff and all other aggrieved employees first and second uninterrupted meal periods of not
less than thirty (30) minutes.  Defendants implemented and enforced policies and practices, work
demands, and scheduling practices, including without limitation tipping policies, which
pressured or required employees to work during their meal periods, to forego their meal periods,
and/or to return to work from meal periods prior to thirty (30) uninterrupted minutes.  Defendant
further violated the law by failing to compensate Plaintiff and the aggrieved employees with one
additional hour of pay at their regular rate of pay when lawful meal periods were not lawfully
provided in violation of Labor Code §§ 226.7 and 512, and the applicable Industrial Welfare
Commission Wage Orders.  In addition, Plaintiff and aggrieved employees were expected to sign
waivers for meal breaks on shifts of 6 hours.  Supervisors encouraged and expected employees to
sign such waivers, and pressured employees to sign the waivers even when the subject employees
wanted to take a statutorily required meal period.

        Plaintiff also alleges that Plaintiff and the aggrieved employees were systematically not
authorized and permitted to take one ten-minute rest period for every four hours worked or major
fraction thereof, which is a violation of the Labor Code section 226.7 and IWC wage order 5-
2001.  Defendants maintained and enforced a scheduling practice, policies and practices,
including a tipping policy, and imposed work demands that frequently required employees to
forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major
fraction thereof.  In addition, aggrieved employees were required to remain on premises during
rest periods.  Defendant's exercise of control over the aggrieved employees during periods of rest
is inconsistent with the mandates of the Labor Code and Wage Order, as set forth in *Augustus v.
ABM*, 2 Cal. 5th 257, 261 (2016).  The law is clear that rest periods must be "duty free" and to
provide a compliant rest period, employers must "relieve their employees of all duties" during
their breaks and must "relinquish any control over how employees spend their break time."
*Augustus v. ABM Sec. Servs., Inc.,* 2 Cal. 5th 257, 261 (2016).   Despite the above-mentioned
rest period violations, Defendants did not compensate Plaintiff, and on information and belief,
did not compensate the aggrieved employees one additional hour of pay at their regular rate as
required by California law, including Labor Code section 226.7 and the applicable IWC wage
order, for each day on which lawful rest periods were not authorized and permitted.

        Wage Order 5-2001 and Labor Code Section 2802 require employers to reimburse
employees for necessary expenses. Plaintiff alleges that Plaintiff and the aggrieved employees
were required to incur expenses to purchase and maintain uniforms required for their work at
Defendants' restaurants.  Defendants did not reimburse the expenses incurred by Plaintiff and
the aggrieved employees in violation of the IWC Wage Order and Labor Code section 2802.

        In relevant part, Labor Code section 226(a) requires: An employer, semimonthly or at the
time of each payment of wages, shall furnish to his or her employee, an accurate itemized
statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3)
the number of piece-rate units earned and any applicable piece rate if the employee is paid on a
piece-rate basis, (4) all deductions , (5) net wages earned, (6) the inclusive dates of the period for
which the employee is paid, (7) the name of the employee and only the

NOTICE PURSUANT TO LABOR CODE SECTIONS 2698 et seq.
December 1, 2017
Page 4

last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Here, Plaintiff asserts that Defendant violated Labor Code section 226 in part because of the above specified violations, including the failure to pay for all hours worked, and the failure to pay one hour of premium pay at the employee's regular rate of pay for meals or rest breaks that were not legally provided.

Wage Order No. 5, Labor Code sections 226(a), 1174, and 1174.5 require that the Defendant keep accurate payroll and timekeeping information. By virtue of the above-specified violations, including the failure to record hours worked off the clock and time spent laundering and maintaining uniforms, Defendant failed to keep accurate timekeeping information for Plaintiff and the aggrieved employees. Defendant failed to keep accurate payroll information as a consequence above specified violations, including the failure to pay premiums for missed meal and rest breaks as required by law.

In addition, Plaintiff alleges that Defendant violated section 204 of the Labor Code, as Defendant willfully failed to pay on time to Plaintiff and the aggrieved employees the legal minimum and regular wages they earned, and failed to pay one hour wages in lieu of required, but not lawfully provided, meal and rest periods, twice per calendar month as required.

Finally, in part as a result of the above specified violations, Defendants have also failed to pay all wages owed at the time of separation as required by Labor Code sections 201-203. All aggrieved employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid straight time wages, minimum wage, overtime compensation and compensation for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling them to civil penalties under PAGA for violations of Labor Code sections 201-203.

Please contact me if you have any questions or require additional information.

Very Truly Yours,

*/s/ Christina M. Lucio*

Christina M. Lucio, Esq.

Enclosures: Complaint, Original PAGA Claim, Supplemental Notice