JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1422 JVS (DFMx) | Date | Dec. 2, 2020 |
| Title | Manuel Vigueras v. Red Robin International, Inc et al | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] <u>Order Regarding Vigueras' Motion for Attorneys' Fees and Costs and to Approve the Final Settlement</u>

Manuel Vigueras ("Vigueras") moved for Final Approval of the Class Action Settlement and for Approval of Class Counsels' Attorneys' Fees, Costs, and Incentive Payments. Dkt. Nos. 179 and 180. Red Robin International, Inc. ("Red Robin") does not oppose the motion.

On December 1, 2020, Vigueras responded to the Court's Tentative Order, requesting a hearing to address two issues. Dkt. No. 181. The Court has addressed these two issues in its Order below and does not find oral argument necessary.

For the following reasons, Plaintiffs' Motions for Final Approval of the Class Action Settlement and for Approval of Class Counsels' Attorneys' Fees, Costs, and Incentive Payments are **GRANTED** in part, subject to the below changes regarding the Incentive Payments and Settlement Administrator Fees.

**I. BACKGROUND**

The facts of this case are familiar to the Court and parties. On July 14, 2017, Vigueras filed a putative class action lawsuit in the Superior Court for the County of Orange against Red Robin alleging various wage and hour, meal and rest break, and related employment claims. Docket No. 1-1. Red Robin removed the lawsuit to this Court, and Vigueras subsequently filed the operative First Amended Complaint ("FAC"). Dkt. Nos. 1, 13 ("Vigueras I"). In the FAC, Vigueras alleges the same causes of action as the original complaint, both individually and on behalf of a putative class of "all hourly,

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1422 JVS (DFMx) | Date | Dec. 2, 2020 |
| Title | Manuel Vigueras v. Red Robin International, Inc et al | | |

non-exempt employees who were employed by, or were formerly employed by, Red Robin . . ., in positions in [its] restaurants within the State of California at any time during the four years prior to the filing of the original complaint in this action to the date of judgment." FAC, ¶ 14, Dkt. No. 13.

## II. CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT

On October 23, 2019, the Court issued an order certifying the following class: "All persons who are employed or have been employed by [Red Robin] as non-exempt, hourly employees, however titled, in [Red Robin's] restaurants in the state of California from July 14, 2013 to the present." Dkt. No. 48 at 6, 20.

The Court also certified the following subclasses:

1.  First Meal Period Subclass: All Class Members who worked more than five (5) hours in a workday, and were not provided with a lawful, timely uninterrupted thirty (30) minute meal period or compensation in lieu thereof.

2.  Second Meal Period Subclass: All Class Members who worked more than ten (10) hours in a workday, and were not provided with a lawful, timely uninterrupted thirty (30) minute meal period or compensation in lieu thereof.

3.  Rest Period Subclass: All Class Members who worked more than three and one-half (3 ½) hours in a workday and were not authorized or permitted to take one net ten (10) minute rest period for every four hours worked or major fraction thereof, or compensation in lieu thereof.

4.  Indemnification Subclass: All Class Members who were not reimbursed for necessary expenditures incurred to perform their job duties.

5.  Unfair Business Practices Subclass: All Class Members who (1) were subject to unlawful, illegal, unfair or deceptive business acts or practices by Defendant and, (2) are entitled to restitution for unpaid wages, unpaid meal or rest premiums or unreimbursed expenses from Defendant based on conduct occurring at any time from July 14, 2013 to the present.

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1422 JVS (DFMx) | Date | Dec. 2, 2020 |
|---|---|---|---|

| Title | Manuel Vigueras v. Red Robin International, Inc et al |
|---|---|

Id. at 6-7.

On February 25, 2020, Plaintiffs and Red Robin began a jury trial in this Court. Declaration of Christina M. Lucio ("Lucio Decl."). Dkt. No.174-2 ¶ 17. The Court impaneled a jury and the Parties gave their opening statements. Plaintiff was called to testify and Defendant cross-examined Plaintiff. On February 28, 2020, the Parties reached a global settlement of the claims in Vigueras I and Vigueras II for $8,500,000.00. The parties informed the Court that they would present along-form Settlement Agreement to the Court for approval.

The parties presented, and the Court preliminarily approved, the following Settlement Class:
> "[A]ll persons who were employed by Red Robin International, Inc. as non-exempt, hourly employees at Red Robin's restaurants in California from July 14, 2013 to October 23, 2018 and who were not excluded as part of Defendant's motion to decertify the class based upon predispute arbitration agreements signed before July 14, 2017."

Dkt. No. 176 at 4 ("Prelim. Approval"). There are approximately 16,790 class members in this class.

The Court also approved a PAGA Group, defined as "All persons who were employed by Red Robin International, Inc. as non-exempt, hourly employees at Red Robin's restaurants in California from September 21, 2016 to July 15, 2020." Id. There are approximately 14,500 PAGA Group Members. Id.

Therefore, solely for the purposes of the Agreement and this Final Approval Order, the Court certifies the above Settlement Class. No objections to the Settlement were filed by Settlement Class members. All persons who did not object to the Settlement in the manner set forth in the Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1422 JVS (DFMx) | Date | Dec. 2, 2020 |
| Title | Manuel Vigueras v. Red Robin International, Inc et al | | |

### III. APPROVAL OF CLASS SETTLEMENT

A final class settlement will be approved only if the parties show (1) that reasonable notice was given to all class members who would be bound by the settlement, (2) that members were provided the opportunity to object to the settlement, and (3) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). The Court finds that class members were given reasonable notice and a sufficient opportunity to object to the Settlement. The Court also finds that the Settlement is fair, reasonable, and adequate.

**A.     Notice Requirement**

"Adequate notice is critical to court approval of a class [action] settlement." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1025 (9th Cir. 1998) overruled on other grounds by In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., 975 F.3d 770, 777 (9th Cir. 2020); Fed. R. Civ. P. 23(e)(1). Here, the Administrator mailed the Notice Packet to the 23,930 Class Members on August 28, 2020. Hernandez Decl. ¶ 7, Ex. A. The notice advised the Class Members of their right to participate in the Settlement, the estimated Individual Settlement Payment, the amount request for attorneys' fees, costs, class representative service awards, PAGA payment, and administrator costs, as well as steps on how to request exclusion from the Settlement and the deadline to do so. Id. ¶¶ 8-9, Ex. A. The Administrator also created a toll-free number for Class Members to call as well as a Settlement website. Id. ¶ 8.

The Court finds that the Class Members have been provided with adequate notice through multiple channels. The notice clearly and accurately informs class members of their right to submit Claims under the Settlement or opt out of the Class, and the processes for doing either. Additionally, the notice procedures were overall successful. Of the 23,930 Class Notices mailed, 2,766 were returned as undeliverable. Id. ¶ 10. 1,757 of those were then re-mailed. Id. Ultimately, a total of 992 Class Notices were ultimately deemed undeliverable as the U.S. Postal Service could not provide a better address nor could the Administrator obtain one via a skip trace method. Notice Packets were therefore mailed to 95.85% of the Settlement Class. Id. ¶ 12. There were no objections for work week disputes and only nine requests for exclusion, yielding a 99.96% participation rate. Id. ¶¶ 13-15.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 17-1422 JVS (DFMx)     Date Dec. 2, 2020

Title    Manuel Vigueras v. Red Robin International, Inc et al

    Accordingly, the Court finds that notice has been adequate to support final approval of the Settlement. Attached as Exhibit A is a list of persons who made a valid and timely request to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class members under the Agreement.

**B.    Fair, Reasonable, and Adequate Settlement Terms**

    "In evaluating a class action settlement under Rule 23(e), the district court determines whether the settlement is fundamentally fair, reasonable, and adequate." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citing Fed. R. Civ. P. 23(e)). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." Id. To determine whether a class action settlement "is fair, reasonable, and adequate," the Court must analyze the terms of the agreement. Fed. R. Civ. P. 23(e)(2). However, "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." In re Syncor, 516 F.3d at 1101. "[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Hanlon, 150 F.3d at 1025 (9th Cir. 1998) (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981)). Nevertheless, the district court does not have the "ability to delete, modify or substitute certain provisions." Id. at 1026 (internal quotation marks and citation omitted). "The settlement must stand or fall in its entirety." Id. In reviewing the settlement as a whole, Hanlon further instructs that:

> [a]ssessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id.; see also Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1422 JVS (DFMx) | Date | Dec. 2, 2020 |
| Title | Manuel Vigueras v. Red Robin International, Inc et al | | |

The Court previously analyzed the majority of these factors when it preliminarily approved the Settlement. Prelim. Approval, Dkt. No. 176. As the Court previously noted, the Court finds no evidence the Settlement was the product of fraud or collusion; all negotiations appear to have occurred at arm's length. Id. at 8-12.

Additionally, class members have reacted positively to the Settlement, with a participation rate of above 99%. Hernandez Decl. ¶ 12-15. No class members objected to the proposed Settlement, and only nine class members requested an exemption. Id.

As the Court noted in its Order granting preliminary approval of the Settlement Agreement (Dkt. No. 176 at 10-11), the Court finds that the Net Settlement Amount of $4,938,023.32 reasonably reflects the uncertainties associated with continued litigation. See Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."); see also Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998) (finding that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to class members at trial).

The Court concludes that the Settlement Agreement is fair, adequate, and reasonable. Accordingly, the Court grants final approval of the Settlement Agreement.

### IV. CLASS REPRESENTATIVE INCENTIVE AWARD

Courts have discretion to issue incentive awards to class representatives. Rodriguez v. West Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009). The awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Id.

Here, Plaintiffs request the following awards for the Class Representatives: (1) $37,500 to Vigueras, (2) $17,500 to Vasquez. Red Robin does not oppose this application. Prelim. Approval at 5. In the Court's earlier order, it questioned the reasonableness of these awards and asked for further information. Dkt. No. 176 at 13.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1422 JVS (DFMx)   Date  Dec. 2, 2020

Title   Manuel Vigueras v. Red Robin International, Inc et al

    Vigueras spent approximately 200 hours and Vasquez spent approximately 75 hours meeting with Plaintiffs' counsel, gathering documents, reviewing complaints, communicating with class members, monitoring the case, assisting with discovery, preparing for their depositions, attending their positions, assisting with the motions for class certification and summary judgment, preparing for trial, attending and testifying at trial, reviewing the Settlement Agreement, and reviewing their declarations in support of final approval. Vigueras Decl., ¶ 26; Vasquez Decl., ¶23.

    The proposed awards work out to $187.50 per hours for Vigueras and $233.33 per hour for Vasquez.  The proposed awards vastly exceed the class members' average of $208.72 and the high estimated payment of $2,772.50, and are excessive.

    The Court awards Vigueras $20,000.00 (200 hours x $100 per hour) and Vasquez $7,500.00  (75 hours x $100).  In addition, Vigueras and Vasquez are each entitled to $5,800.00 and $3,600.00 for their travel and related expenses.  See Dkt. No. 179-3 ¶ 17; Dkt. No. 179-4 ¶ 15.  In total, therefore, Vigueras is awarded $25,800.00 and Vasquez $11,100.00.

**V.  ATTORNEYS' FEES AND COSTS**

    The Court may award reasonable attorneys' fees and costs in certified class actions where they are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). Even when parties have agreed to a fee award, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable."  In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011). In this case, Class counsel has applied for an award of $2,833,050.00 for attorneys fees and 294,677.68 in litigation costs and expenses. Dkt. No. 179-1 at 1.  Red Robin has agreed that it may seek this amount. Dkt. No. 174-2 at ¶¶ 5, 47.

    When a settlement creates a common fund for the benefit of the entire class, as it does in this case, the Court has discretion to evaluate the reasonableness of the award under the percentage-of-recovery ("POR") method or the lodestar calculation method.  In re Bluetooth Headset Prods. Liab. Litig, 654 F.3d at 942. "Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1422 JVS (DFMx) | Date | Dec. 2, 2020 |
| Title | Manuel Vigueras v. Red Robin International, Inc et al | | |

attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." Id. However, courts routinely cross-check the POR calculation with the lodestar method. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002). The primary, if not singular, purpose of the cross-check is to ensure counsel is not overcompensated. See, e.g., In re Bluetooth, 654 F.3d 935, 944-45 (explaining how a cross-check guards against unreasonably high fee awards). Here, the Court first analyzes the reasonableness of the fee award under the POR method, then performs a cross-check using the lodestar method.

The benchmark POR for attorneys' fees in a common fund settlement is 25 percent of the total settlement fund. In re Bluetooth, 654 F.3d at 942; see Boeing Co. v. Van Gemert, 444 U.S. 472, 478-80 (1980). The percentage can be adjusted from the benchmark after taking into account several factors, such as the results achieved, the risk involved in undertaking the litigation, the generation of benefits beyond the cash settlement fund, the market rate for services, the contingent nature of the fee, the financial burden to counsel, the skill required, the quality of the work, and the awards in similar cases. Vizcaino, 290 F.3d at 1048; Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

Here, Plaintiffs request attorneys' fees of $2,833,050, 33 percent of the settlement. Dkt. No. 179-1 at 4. Plaintiffs argue that this amount is reasonable under the common fund doctrine in light of Class Counsel's effective legal representation, the risk of litigation, the skill required and quality of work, the contingent nature of the fee, and the financial burden carried by the plaintiffs. Id. at 4. Plaintiffs also note that many federal courts have awarded more than 30 percent of the settlement fund to class counsel in common fund cases. Id. at 4, 11-13. The Court agrees that the public interest prefers avoiding litigation and that the case poses significant legal uncertainties. Additionally, as discussed above, the Court finds that the Settlement is a favorable result for the Class. Thus, under the POR method, the Court finds the award is potentially within the range of reasonableness.

"The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." Hanlon, 150 F.3d at 1029. Class Counsel have calculated the lodestar rate and determine that the lodestar amount is $2,1750,549.75. Dkt. No. 179-2, James R. Hawkins Decl. ¶ 10 ("Hawkins Decl.").

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1422 JVS (DFMx) | Date | Dec. 2, 2020 |
| Title | Manuel Vigueras v. Red Robin International, Inc et al | | |

Therefore, the requested fee would represent a multiplier of approximately 1.30 of the time billed working on this matter. Dkt. No. 179-1 at 14.

James Hawkins, APLC, expended 3,744.4 hours of attorney and para-professional time working on this case. Hawkins Decl. ¶ 10. Employees at Hawkins firm bill between $425 and $900 per hour. Id. ¶ 11. Six attorneys worked on this case. Id. ¶ 11-16.

Hawkins, who has been admitted to practice since 1997, expended 508.9 hours at an hourly rate of $575. Id. ¶ 12. Christiana Lucio, Of Counsel to James Hawkins, APLC, expended 1,616.40 hours at an hourly rate of $575, and has been admitted to practice since 2007. Id. ¶ 14. Malte L. Farnaes, Of Counsel to James Hawkins, APLC, expended 338.80 hours at an hourly rate of $600, and has been admitted to practice since 2002. Id. ¶ 15. Mitchell Murray, Of Counsel to James Hawkins, APLC, expended 886.6 hours at an hourly rate of $500, and has been admitted to practice since 2012. Id. ¶ 16. Robert Luster expended 44.5 hours at an hourly rate of $700, and has been admitted to practice since 1985. Id. ¶ 17. Anthony Rivera expended 164.50 hours at an hourly rate of $425, and has been admitted to practice since 2019. Id. ¶ 18.

The Court finds that the hourly rates of counsel are consistent with their experience and the prevailing rates in the community.

Plaintiffs also request costs of $294,677.68 for costs and expenses as provided under the terms of the Settlement Agreement. Hawkins Decl., Ex. 2. The expenses are well-documented and reasonable, and also approximately $75,000 less than the costs and expenses approved by this Court in its Order preliminarily approving the class settlement. Accordingly, the Court finds that the litigation costs requested are appropriate. The Court grants the award of fees and costs as described herein.

### VI. ADMINISTRATIVE FEES AND COSTS

ILYM Group, Inc., the Settlement Administrator selected by the Parties to administer the Settlement, requests $135,000 for administering the payment. Dkt. No. 179-1 at 20.

Per the Hernandez Declaration, Dkt. No. 179-5, "ILYM Group's total fees and

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1422 JVS (DFMx) | Date | Dec. 2, 2020 |
| Title | Manuel Vigueras v. Red Robin International, Inc et al | | |

costs for services in connection with the administration of this Settlement, which includes fees and costs incurred to-date, as well as anticipated fees and costs for completion of the settlement administration" are $129,249. Declaration of Nathalie Hernandez at ¶ 13, Dkt. No. 179-5 ("Hernandez Decl."). Exhibit B to the Hernandez Declaration provides a detailed breakdown of the costs associated with the administration of the settlement. Hernandez Decl., Ex. B at 1-3.

Based on the Court's assessment of the administrative fees and costs associated with this Settlement, as discussed in its earlier Order preliminarily approving the settlement agreement, the Court grants the award of fees and costs as described above, in the amount of $129,249.00.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Final Approval of the Class Action Settlement and for Approval of Class Counsels' Attorneys' Fees, Costs, and Incentive Payments are **GRANTED**.

**IT IS SO ORDERED.**

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1422 JVS (DFMx)                             Date  Dec. 2, 2020

Title  Manuel Vigueras v. Red Robin International, Inc et al

## Exhibit A - List of Opt-Outs

The following individuals timely requested to be excluded from the Settlement Agreement.

| Name | City | State | Zip Code |
| --- | --- | --- | --- |
| Alayna Aguilar | Elk Grove | California | 95624 |
| Aryel Costa | San Bruno | California | 94066 |
| Benjamin Costanzo | Shridan | California | 95681 |
| Hakeem Cusseaux | Sacramento | California | 95822 |
| Jaime Aguirre | Lawndale | California | 90260 |
| John Barnes | Indian Wells | California | 92210 |
| Marc Abrea | Sacramento | California | 95833 |
| Melissa Daffron | Monroeville | Pennsylvania | 15146 |
| Jose Hernandez | Oakland | California | 93036 |

: 0

Initials of Preparer       lmb